### PAGE v. R. P. HYAMS COAL CO. *
#### No. 14261.

Court of Appeal of Louisiana. Orleans.
Nov. 28, 1932.

Walter J. Suthon, of New Orleans, for appellant.

W. A. Porteous, Jr., of New Orleans, for appellee.

HIGGINS, J.

This is a suit to recover the sum, of $206.13, covering property damage alleged to have resulted from a collision between the plaintiff's Hudson sedan automobile and the defendant's Mack 1½-ton oil truck at the intersection of Second and Coliseum streets, this city, on the 5th day of January, 1932, about 8:30 o'clock a. m. Plaintiff charges that the proximate cause of the accident was

the carelessness and negligence of the driver of defendant's truck in operating it at a fast and unlawful rate of speed; failing to sound his horn; failing to keep a proper lookout; failing to attempt to stop the truck; and disregarding the right of way that the Hudson car obtained by entering the intersection first; and also by virtue of the fact that it was approaching from the defendant's driver's right, under Traffic Ordinance No. 7490, O. C. S. of the city of New Orleans.

Defendant denied liability, and averred that the truck entered the intersection first, and therefore had the right of way under the traffic ordinance, and that, while the truck was in the intersection, the plaintiff's car was driven into the right rear side of the truck; that the driver of the Hudson sedan was solely to blame for the accident because she failed to keep a proper lookout and to stop her car after the truck had entered the intersection and obtained the right of way. Defendant also pleaded, alternatively, contributory negligence and that the amount claimed was excessive.

There was judgment in favor of the plaintiff, as prayed for, and the defendant has appealed.

The evidence shows that the plaintiff's wife was driving the Hudson sedan on Second street, which is paved, and going in the direction of the river; that Second street is intersected by Coliseum street, which is graveled, at right angles, and the truck was being driven on that street toward up town; that there was a drizzling rain at the time of the accident, but this did not interfere with the vision of either driver. There were in the Hudson car the plaintiff's wife, his minor daughter, Patsy, her younger brother, and other small children, whom the plaintiff's wife was taking to the McGehee School. The sole occupants of the truck were the driver and his helper.

Plaintiff's wife and his eleven year old daughter, Patsy, were the only eyewitnesses who testified in his behalf, and the driver of the truck and the helper were the sole eyewitnesses in behalf of the defendant. Plaintiff's witnesses testified that, when the Hudson car approached the intersection, the presence of the truck was discovered some distance down Coliseum street, and that the driver of the sedan sounded its horn, but, realizing that the driver of the truck did not intend to stop, the Hudson car was brought to a stop with half of it in the intersection of Coliseum street and the other half on Second street. While the sedan was in this position the truck, which did not stop, struck the front of the sedan with the part of the body of the truck that overhung the chassis, near the right rear side, causing the hood to be torn off, the radiator to be pushed in towards the right side, and the right front headlight

to be broken off. Plaintiff's wife testified that the driver of the truck was looking in the direction of the river, and therefore did not see her, notwithstanding the fact that she sounded the horn of the sedan as a signal of its approach.

The truck driver and the helper testified that, as the truck approached the intersection, it was moving slowly, about 10 miles an hour; that they saw the Hudson car about 125 feet from the intersection on Second street going toward the river; that, as the front of the truck was about 3 feet from the upper side of the intersection, the Hudson car ran into the right rear side of the truck.

The truck driver, who was sitting on the left side thereof, stated that the helper was seated on his right, and, as the collision was about to take place, the helper said in effect: Lookout, that woman is going to run into us. The truck driver admitted that, after he saw the sedan 125 feet away, he paid no further attention to it until the very moment of the collision. He admits further that he did not hear the horn signal given by plaintiff's wife, but the helper corroborates the plaintiff's wife's testimony in that the horn was blown. The truck driver also admitted that he did not attempt to stop.

Photographs introduced in evidence show that the physical damage to the Hudson car consisted of the complete tearing away of the hood, the crushing in towards the right side of the radiator, and the breaking off of the right headlight. There was no damage to the fenders, the bumper, and the left headlight of the sedan. There can be no doubt that the part of the body of the truck overhanging the chassis came in contact with the sedan; otherwise the front bumper and fenders would likewise have been damaged. In other words, that part of the sedan was not damaged because it went under the overhanging part of the body of the truck.

■ We have carefully examined the record, and, while there are two eyewitnesses for each party and their testimony is in conflict, we believe that the admission of the truck driver that, after he saw the sedan 125 feet away, and then dismissed it from further consideration until the helper called his attention to the fact that it was about to run into him, shows that the truck driver was not keeping a proper lookout. Furthermore, the helper heard the sounding of the horn by the plaintiff's wife, but the truck driver admitted that he did not hear it. If he had been paying proper attention, there is no reason why he should not have likewise heard the signal.

The trial judge, who heard and saw the witnesses, gave greater credibility to the testimony of plaintiff's witnesses and accepted their version of the occurrence of the acci-

dent. There is nothing in the record which would justify us in differing with his conclusions.

As to the defense that the damages claimed are excessive, it appears from the record that the repairs made to the Hudson car were caused by the accident, and that the garage that did the work charged a reasonable and fair price therefor.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.