DORÉ, Judge.
This is a suit arising from a collision between the four-door sedan Chevrolet automobile of the plaintiffs and a Chevrolet panel truck belonging to defendant’s assured at the intersection of Hodges' Street and Poplar Street in the City of Lake Charles. It is admitted that the panel truck belonged to E. D. LeLeux and was being driven by Horace Richard in the course and scope of his employment by the said LeLeux and it is further admitted that the defendant United States Fidelity & Guar-, anty Co. was the liability insurer of LeLeux at the time of the accident and provided under this policy of insurance, protection against liability in excess of the amounts claimed herein. The Chevrolet automobile was being driven by Mrs. McCardle. The accident occurred at approximately 7:30 in the morning on October 2, 1950. Hodges Street is a gravelled street running north and south and Poplar Street is also- a gravelled street running east and west. Both streets are approximately 28 feet wide. By City Ordinance Hodges Street is declared to be a right of wáy street but at the time of the accident there were no stop signs or traffic light at the intersection. The plaintiffs are Kenneth H. McCardle and his wife. At the time of the collision the Chevrolet sedan of plaintiffs, driven by Mrs: McCardle, was proceeding in a northerly direction on Hodges Street and the panel truck driven by Horace Richard was proceeding in, an easterly direction on Poplar Street. It is alleged that Mrs. McCar-dle, as she approached the, intersection, slowed down, looked both east and west, and not observing any traffic close to the intersection, proceeded across the intersec *274 tion; that when the front half of her car had completely crossed the intersection, the left rear door and rear, bumper of the Chevrolet sedan was struck toy the Chevrolet panel truck and that as a result thereof she sustained painful and permanent personal injuries and the Chevrolet sedan was damaged, Plaintiffs allege that the sole cause of the accident was the gross negligence of Richard, particularly in the following respects:
1. In driving the truck at an excessive rate of speed in violation of an ordinance of the City of Lake Charles.
2. In driving the truck into an intersection without keeping a proper lookout and particularly in not observing the automobile driven by Mrs. McCardle.
3. In failing to observe the right of way of Mrs. McCardle who was approaching from Richard’s right.
4. In failing to stop for the Hodges Street intersection which is designated as a through or stop street.
Mr. McCardle sues for the damages to the automobile, for medical and hospital expenses of Mrs. McCardle and for loss of income of Mrs. McCardle, totalling $595.31. Mrs. McCardle sues for her alleged personal injuries, pain and suffering, totalling $6,500.00.
The defendant in its answer denied any negligence on the part of Horace Richard, the driver of the panel truck of its assured, and in the alternative, pleaded contributory negligence on the part of Mrs. McCardle in bar of all the demands of the plaintiffs herein.
After trial of the case the trial judge, for written reasons assigned, rendered judgment in favor of the defendant dismissing the demands of the plaintiffs at their costs. The plaintiffs have appealed.
On the question of liability the trial judge bases his judgment on his finding that Mrs. McCardle was guilty of contributory negligence and that appears to be the real question to be passed upon by us.
In his written reasons for judgment the trial judge states that counsel for defendant in oral argument admitted that Richard was negligent and the court is also convinced of his negligence by reason of his driving his truck across the intersection without coming to a stop in view of the poor visibility from Poplar Street looking south of the intersection and also' in view of the fact that toy City Ordinance Hodges Street has the right of way over Poplar Street. He is entirely correct in his conclusion. Moreover,' it can be added that Mrs. McCardle was approaching the intersection on the right of the panel truck and also had the right of way for that reason.
In passing upon the question as to' whether or not Mrs. McCardle was guilty of negligence which was a proximate cause of the accident, we have the testimony of Mrs. McCardle herself, of Richard, and the physical facts especially as testified to by Mr. Gablbert, a photographic expert, and the policeman Farque.
The sum and substance of the testimony of Mrs. MoCardle is that she was driving at approximately 25 miles per hour going north on Hodges Street on her way to work at the Pure Food Store where she was employed as cashier; that as she approached the intersection she looked both to the right and to the left; that on her left side she saw the panel truck approaching; that at that time he was just about a block away. She admits that he was traveling fast but that she felt she had plenty of time to' negotiate the intersection and that therefore, “I just went on. I didn’t stop. I looked and I slowed down and I didn’t think he was driving so fast and I seen where I had plenty of time to cross.” She states further that she didn’t see the truck again until she heard the brakes of the truck squeaking immediately prior to being hit. She states that at the time of the collision, “1 had my front end of the car out of the middle part of the intersection and I was about half way off of the middle part of the intersection.” It may be further noted that Mrs. McCardle frankly admits that she could have stopped at the intersection when she saw the panel truck approaching and in effect that she went on, on the theory that the driver of the panel truck would respect her right of way. She further admits that she was fully aware that the intersection *275 was a dangerous one and that there had been in the past several collisions there. Mrs. McCardle further testified that she was approximately half a block from the intersection when she looked to her left and saw the truck approaching. She is obviously in error on that point because it is clearly brought out that on the southwest corner of the intersection there is located a dwelling which hides the view- to the west until a point of about 100 feet from the intersection. It is shown by the photographer who examined the scene that upon reaching this point you can see through the front yard of the dwelling for a distance of about 65 feet to the west on Poplar Street. The photographer testified further that you could not get a clear view of Poplar Street until arriving at a point of about 12 feet from the intersection.
Horace Richard testified that he did not see the McCardle. car until he was within 50 feet of the intersection and that as he saw that Mrs. McCardle was proceeding across the intersection he then applied his brakes and skidded some 35 or 40 feet into the McCardle automobile striking it on the left rear door in the middle of the intersection. He testified that he was driving 25 to 30' miles per hour and that the.McCardle automobile was traveling at about 60 miles per hour.
Policeman Farque testified that he investigated the accident shortly after it happened and that from his examination of skid marks and making measurements that from the point of impact the plaintiffs’ car proceeded a distance of 41 feet farther north past the point of impact and that there were skid marks of approximately 32 feet distance both on Poplar Street and Hodges Street made by each of the collid-’ ing vehicles prior to the moment of impact; that the panel truck driven by Richard stayed in the center of the intersection and that the Chevrolet car skidded from the point of impact to the east ditch of Hodges Street, north of the intersection.
The trial judge on this evidence came to the following conclusions of fact: that both vehicles entered the intersection at about the same time; that plaintiff knew the intersection was dangerous; that she knew of the approaching vehicle and that she could hare avoided the accident had she exercised . more caution and vigilance in the operation of her car. He also finds that the collision occurred slightly to the south of the middle of the intersection. On these conclusions he concludes that plaintiff was guilty of negligence which was a proximate cause of the accident. We can find no manifest error in his finding.
This case involves facts very similar to the case of Vidrine v. Fontenot, La.App., 49 So.2d 428, 429, decided by this court. In that case we held, “In action for damages resulting from intersectional collision when defendant failed to stop at stop sign where street on which defendant was traveling intersected through street on -which plaintiff’s automobile was proceeding, evidence of driver of plaintiff’s automobile that she saw defendant’s automobile as it approached intersection at rate of about forty miles an hour, but that she continued on her way merely on supposition that since she was on a through street that defendant would respect her right of way, established that she was contributorily negligent precluding recovery.”
It is our conclusion that the real cause of the accident was the fact that both Mrs. McCardle and Richard made no attempt to slow down or stop at this dangerous intersection and were both determined to proceed and take a chance regardless, which is obviously negligence on the part of both.
Counsel for plaintiffs contend that even if it be found that Mrs. McCardle was guilty of contributory negligence, that such contributory negligence cannot be imputed to the other plaintiff, her Jins band, for the reason that the answer does not set forth that Mrs. McCardle was driving the automobile with the knowledge arid consent of her husband or for the benefit of the community. The answer does state, “Defendant expressly pleads the contributory negligence of said plaintiff in bar of all of the demands of the plaintiffs herein.” Moreover, the suit of plaintiff Kenneth H. McCardle, especially his demand for loss of wages of his wife caused by her person *276 al injuries on a trip' she was taking to her work, clearly shows that in effect the plaintiff has confessed that his wife was on a community mission at the time of the accident. Under these facts, it is our opinion that the contention of counsel for plaintiff cannot be sustained. We feel that, from the pleadings and the evidence, the negligence of Mrs. McCardle is clearly imputable to her husband, the other plaintiff.
Finding no manifest error in the findings of fact of the trial court, the judgment >is affirmed.