70 So.2d 199 (1954)
BROWNE
v.
HALL et al. (two cases).
FISHER
v.
HALL et al.
No. 3789.
Court of Appeal of Louisiana, First Circuit.
January 29, 1954.
Stone & Toomer, Lake Charles, for appellants.
Plauche & Plauche, Lake Charles, for appellees.
CAVANAUGH, Judge.
These three cases arise out of an intersectional collision between a 1946 Plymouth sedan automobile being operated by Eva Browne, wife of Lacey Browne, and a 1947 Buick sedan automobile owned by R. L. Hall and being driven by his employee, George Patterson. The accident happened on October 4, 1952, about 2:45 p. m. at the intersection of Pine Street and Louisiana Avenue in the City of Lake Charles. The Plymouth automobile was being driven east on Pine Street, and the Buick automobile was being driven north on Louisiana Avenue. Louisiana Avenue is a paved street approximately 30 feet in width, and Pine Street west of the intersection where the collision occurred is a gravel or shell street, and east of the intersection where the collision occurred is paved. The impact between the two automobiles occurred in the *200 center of the intersection when the Buick automobile struck the Plymouth sedan automobile on the right side in approximately the midsection between the front and rear doors.
The plaintiff, Lacey Browne, sues the defendant, R. L. Hall, and his insurer, the United States Fidelity and Guaranty Company, for $816.03, which he claims represents labor and the parts in repairing the Plymouth sedan, and also claims 5% per annum interest from judicial demand until paid, and alleges that at the time of the accident, his wife, Eva Browne, was operating the automobile owned by the community existing between him and her on a community mission. Willie Fisher was riding with Mrs. Browne in the car at the time of the accident and had, on that day, been working in her yard, and she was taking him home from work when the collision occurred. He was riding in the rear seat of the Plymouth automobile and sitting on the left side of the rear seat.
The plaintiff alleges that his wife was driving the Plymouth automobile along Pine Street east, and when she reached the intersection of Louisiana Avenue, she stopped her car at the stop sign and proceeded slowly into Louisiana Avenue, looking both to the north and south to see if there was any traffic approaching; that her view to the south was impeded by a hedge until her car was far enough into Louisiana Avenue for her to see to the south; that as she entered the intersection she saw the defendant's car approaching from the south a distance of approximately 200 feet, and that after she had passed the center line of Louisiana Avenue, the automobile being driven by the defendant approaching from the south at an excessive rate of speed struck the automobile in which petitioner's wife was driving, driving it against the northeast corner of the intersection of Louisiana Avenue and Pine Street. The plaintiff alleges the specific acts of negligence committed by the defendant as follows:
1. Failure to keep a proper lookout when approaching the intersection of Louisiana Avenue and Pine Street;
2. Failure to have his car under control so that he could stop within the reasonable distance of the intersection in the event that someone would come to the street from Pine Street;
3. Failure to realize that with the addition of a trailer which was attached to the automobile the automobile would not stop as quickly as it would if the trailer was not attached.
The defendant and his insurer admitted the accident and its occurrence, but denied any negligence on the part of the driver of the Buick automobile and affirmatively alleged that the Buick automobile owned by the defendant, Hall, and insured by the United States Fidelity and Guaranty Company was being driven by George Patterson north on Louisiana Avenue at a safe and prudent rate of speed and that he observed all pertinent law and ordinances and was keeping a proper lookout; that as he approached the intersection of Louisiana Avenue and Pine Street, he slowed down, but, observing no traffic about to cross said intersection, he proceeded into said intersection, and as he did so, plaintiff's automobile suddenly and at a high rate of speed entered the intersection from Pine Street without stopping, headed in an easterly direction, and, despite Patterson's efforts to avoid a collision, one did occur; that the accident, collision and resulting damages were in no way caused by the defendant, but were caused by the following negligent acts committed by plaintiff's wife, Eva Browne, which particular acts of negligence were alleged as follows:
1. In entering Louisiana Avenue without stopping for said street, despite the fact that a stop sign existed for traffic heading east on Pine Street, in violation of the laws of the State of Louisiana and the ordinances of the City of Lake Charles;
2. In failing to accord defendants' automobile the right of way, since said automobile was approaching from the right of petitioner's automobile, contrary to the laws of the State of Louisiana and the ordinances of the City of Lake Charles;
*201 3. In driving at a speed which was excessive under the traffic, visibility and other conditions then existing; and
4. In failing to keep a proper lookout for other vehicles and in failing to keep petitioner's said automobile under proper control.
Alternatively, the defendants especially plead contributory negligence on the part of Mrs. Eva Browne as a defense to recovery by the plaintiff and reconvened for the damages done the Buick automobile which amounted to $495.73.
Willie Fisher sued for $750 damages, which consisted of $550 for pain and suffering, $150 for loss of earnings, and $61 for hospital and doctor fees. The claim of Mrs. Browne was for the sum of $500 for personal injuries.
In the suit of Willie Fisher the same grounds for recovery are urged by the plaintiff and the same defenses are urged by the defendants, and the same grounds for recovery are urged by the plaintiff, Mrs. Eva Browne, for recovery, and the same defenses are urged to her claim.
The Lower Court, after a trial on the merits, rejected the demands of Lacey Browne for the damage done to his Plymouth automobile, as well as the claim of his wife, Mrs. Eva Browne, for personal injuries sustained by her, and awarded judgment in favor of Willie Fisher and against the defendants in solido in the sum of $561 with 5% per annum interest from judicial demand until paid, and prorated the reporter's charges for transcribing the testimony.
The defendants have appealed suspensively from the judgment rendered against them in favor of Willie Fisher, and plaintiffs, Lacey Browne and his wife, Eva Browne, have appealed devolutively from judgment rendered in favor of the defendants, rejecting their respective demands.
These cases present the usual situation resulting from accidents of this kind at a street intersection. Each driver of the automobiles involved in the accident usually places the responsibility on the other, while generally both drivers are at fault, and either could have avoided the accident if he had observed traffic regulations by keeping a proper lookout and having his automobile under control. The District Judge has favored us with an accurate analysis of the testimony given by the witnesses, and he held that the driver of the Plymouth automobile, Mrs. Browne, did not stop at the intersection or maintain a proper lookout before going into the intersection by looking to her right, or down Louisiana Avenue, when looking would have been effective, and she was negligently driving her car into the intersection in the face of the oncoming Buick automobile being owned by the defendant, Hall. The Lower Court also found that the driver of the Hall Buick automobile was guilty of negligence because of approaching the intersection at an excessive rate of speed and in not maintaining a proper lookout which was his reason for rejecting the defendants' reconventional demand.
The plaintiffs, Brownes, insist here the Lower Court committed error in holding that Mrs. Browne's negligence proximately caused the accident and contend that the Plymouth automobile had entered and almost pre-empted the intersection when it was struck on its right side by the Buick automobile. Plaintiffs and appellants cite and rely on the cases of Hutto v. Arbour, La.App., 4 So.2d 84; Gardiner v. Travelers Indemnity Company, La.App., 11 So. 2d 61; Phares v. Courtney, La.App., 27 So.2d 925; Spencer v. Crain, La.App., 53 So.2d 416; Gauthier v. Fogleman, La.App., 50 So.2d 321;, and our recent case of Seamons v. Aetna Casualty & Surety Co., 62 So.2d 856.
We believe that each of these cases are distinguishable from the case at bar because in the case of Seamons v. Aetna Casualty & Surety Co. the intersection was not marked and was not a right of way street, and the driver in the Seamons' case entered the intersection at a moderate and reasonable rate of speed. There is evidence *202 in this record from the witness, Grant Williams, that the plaintiff, Eva Browne, did not stop her car before coming into the intersection when he saw her, and he saw her when she was entering the intersection. In addition to this, her testimony shows that she looked to her right and saw the oncoming car, then looked to her left, or to the north, and then looked and saw Grant Williams coming out of the door on to his gallery east of the intersection. If this observations was being made while she was stopped at the entrance to the intersection, then certainly defendant's driver coming from the south had the right to assume that she was going to remain there until he passed. She admits she did not look back to her right until she had driven into the intersection and just before the collision. She knew the car was approaching from the south, and, as the District Judge held, for an operator of an automobile to drive out in front of an oncoming car, which would have been obvious to her had she looked when looking would have been effective, she could have certainly avoided the accident. The other cases relied on by the appellants are to the effect that where an automobile has pre-empted or practically pre-empted an intersection, and it is run into by another automobile, the automobile first entering the intersection has the right of way, and the other automobile, although on a favored right of way street, must have the automobile under proper control and maintain a proper lookout, and if a collision occurs, the one not doing so will be held liable in damages. Our holding here is not contrary to the holding in those cases because the Plymouth automobile being driven by the plaintiff had not pre-empted the intersection. Where Mrs. Browne was negligent was in thinking she could get across the intersection without paying any attention to the speed at which the Buick was travelling or its position so her movement through the intersection could be made with safety.
Even assuming that Mrs. Browne first entered the intersection and had the right of way to proceed across the intersection by prior entry, we do not think that she was relieved of the duty of maintaining a proper lookout. Since she did not attempt to estimate the speed of the oncoming Buick and failed to look to her right at the time she claims she proceeded to cross the intersection, she committed an act of negligence by driving her can in front of the oncoming Buick. Under the circumstances of driving through an intersection against a right of way street, she should have exercised reasonable care, after having seen the Buick automobile approaching the intersection from the right, and should have continued to look and make observation of its approach, and her failure to do so was negligence on her part. When she did not estimate the speed at which the Buick automobile was travelling when she saw it 150 feet distant from her, certainly she was required to look back to her right before proceeding across the intersection into the east lane of Louisiana Avenue. Blashfield Cyclopedia of Automobile Law and Practice, Vol. 2, Section 1038; Page v. R. P. Hyams Coal Co., La.App., 144 So. 515; Driefus v. Levy, La.App., 140 So. 259; Mese v. Summers, La.App., 170 So. 510. We recently held, in the case of Miller v. Abshire, La.App., 68 So.2d 143, that an automobilist driving through an intersection on a favored street, after she saw an automobile approaching the intersection from an unfavored street, was required to keep a proper lookout. Mrs. Browne was entering the intersection from an unfavored street and proceeding through the intersection of the favored street, and, under the law in the cited cases, she was certainly required to maintain a proper lookout at all times. We reaffirmed this ruling in the case of Comeaux v. Blanchet, La.App., 69 So.2d 527.
It is our opinion that the cases of McCardle v. United States Fidelity & Guaranty Co., 56 So.2d 273, and Vidrine v. Fontenot, 49 So.2d 428, are cases containing factual situations the same as the case at bar, and that this accident and the resulting damage was the result of the concurrent negligence of both drivers, and that *203 the cases have been properly adjudicated in the court below.
The negligence of Mrs. Browne cannot be imputed to Willie Fisher. The driver of the Buick automobile was driving at an excessive rate of speed and was not keeping a proper lookout approaching this blind intersection from his left. This is evident from the fact that he applied his brakes approximately 40 feet before the impact and skidded into the Plymouth automobile.
The defendants complain of the judgment in favor of Willie Fisher and have asked that it be reduced. We think the evidence amply supports the award, and we do not care to reduce that award.
Separate decrees will be entered in each case.
For the reasons assigned, the judgment of the District Court is affirmed.