### No. 4055

### Second Circuit

### (Second Division)

———

### COOKE v. SEEGERS

———

(July 16, 1931. Opinion and Decree.)
(August 12, 1931. Rehearing Refused.)

———

L. A. Newsom, of Shreveport, attorney for plaintiff, appellee.

Wilkinson, Lewis, Wilkinson & Burford, of Shreveport, attorneys for defendant, appellant.

STEPHENS, J. The plaintiff sues to recover damages in the sum of. $210.50, alleged to have been sustained by him, arising out of a collision between his automobile and one operated by the defendant Weldon Seegers, a minor, and owned by the defendant Walter B. Seegers, his father. The plaintiff's automobile at the time of the accident was driven by his wife.

The defendant answered denying negligence, and averring that the collision was caused by the negligent driving of Mrs. Cooke, the plaintiff's wife; and in the alternative he pleaded the contributory negligence of Mrs. Cooke as a bar to recovery. A reconventional demand was made for the sum of $16.55, which apparently has been abandoned.

The city court rendered judgment in favor of the plaintiff as prayed for, and the defendant appeals.

At about 8 o'clock, p. m. on May 10, 1930, Mrs. Cooke, the wife of plaintiff, was driving west on Wilkinson street in the city of Shreveport, at the rate of about fifteen to eighteen miles per hour. It was dark and raining. When she had crossed the intersection with Creswell street approximately two-thirds of the way, and while maintaining the proper side of the street, she was struck broadside by the automobile of the defendant, which was being driven north on Creswell street. The result of the impact was to immediately stop the forward course of plaintiff's automobile on Wilkinson street, and knock it some fifteen feet from the point of contact up Creswell street, where it came to rest in a completely reversed position, with its right rear wheel over the curb on the left side of Creswell street going north. The defendant's automobile was but slightly diverted from its course.

Weldon Seegers admitted that he did not see the plaintiff's automobile until he "was right on her." He testified that his lights were burning, that it was raining, and that he was on his right side of the street driving at about fifteen miles per hour.

The defendant's automobile struck the plaintiff's automobile broadside with such terrific force as to be convincing that it was moving at a very rapid rate of speed. The collision occurred at a point in the intersection where the plaintiff's automobile had a legal right to be and the defendant's had no legal right to be. The plaintiff's automobile not only entered the intersection first, thereby acquiring the right of

way, but it had passed the point of danger from traffic moving from the left on the intersecting street.

The counsel for the defendant contend that the admission, which was made by Mrs. Cooke, that she did not see defendant's automobile until it was about to strike her own is an admission of contributory negligence, barring recovery. That contention we think cannot relieve the defendant from liability in this case. If it was negligence for Mrs. Cooke to fail to have seen the defendant's automobile before entering the intersection, her negligence in that respect did not contribute to the accident, but occurred prior in point of time to the negligence of the defendant, which was the proximate cause of the accident. She left a point of safety and had reached a point of safety had it not been for the careless driving of the defendant in approaching the intersection and entering it at a high rate of speed, and attempting to drive to the left and in front of her. His duty was to check his speed and keep to the right. If he had done so, the accident would not have occurred.

We think the proximate cause of the accident was the negligence of the defendant Weldon Seegers.

The amount of damages sustained is not disputed.

The judgment of the trial court is correct, and is affirmed.