DORE, Judge.
This suit arises from an automobile collision which occurred on the afternoon of July 21, 1950, at about 3:00 o’clock p. m. at the intersection of Chippewa Street, which runs east and west, and Jasmine Street, which runs north and south, between the automobile of plaintiffs, Thomas D. Duke and his wife, Mrs. Stella B. Duke, being driven by Mrs. Duke in a southerly direction on Jasmine Street and the automobile of the defendant, George A. Malone, being driven by him in a westerly direction on Chippewa Street. The plaintiffs allege that the collision was due solely and entirely to the negligence of the defendant, particularly in the following respects:
a. Driving at an excessive and reckless rate of speed;
b. Entering the intersection of Chippewa Street with Jasmine Street after Mrs. Duke had already entered the intersection from defendant’s right and had practically traversed said intersection;
c. Failing to keep a proper lookout for traffic approaching the intersection with Jasmine Street;
d. Failing to keep his automobile under proper control and entering the intersection when he saw or should have seen that it had been pre-empted;
e. Failing to accord Mrs, Duke’s vehicle the right of way given it by law, it 'being on defendant’s right and in the intersection before defendant’s vehicle.
Plaintiff Thomas D. Duke alleges that he sustained damages in the total amount of $443.40, being $372 for damages to the automobile and $71.40 for medical and hospital bills necessary for the physical injuries sustained by Mrs. Duke. Mrs. Duke alleges that she sustained damages in the amount of $2,000 because of her physical pain and suffering and mental anguish and inconvenience resulting from the accident.
In his answer the defendant admits the collision but denies that he was guilty of any negligence and denies the other material allegations of the petition. In the alternative, and only in the event that he be found guilty of any negligence in ton- *712 nection with the accident, he pleads that Mrs. Stella B. Duke, who was driving the community automobile on a community mission, was herself guilty of negligence which contributed to the accident, barring recovery by the plaintiffs, particularly in the following respects:
a. She failed to keep a .proper lookout.
fe. She failed to keep her car under proper control.
c. She was driving at an excessive rate of speed under the circumstances.
d. She failed to yield the right of way to defendant, although his vehicle had preempted the said intersection.
■In the further alternative, the defendant assumes the position of plaintiff in recon-vention, alleging that the accident was caused solely by the negligence of Mrs. Stella B. Duke, while on a community mission, as set forth in the contributory negligence plea. He claims damages in the total amount of $448.10.
After trial of the case, the trial judge, for written reasons assigned, came to the conclusion that both the plaintiff, Mrs. Duke and the defendant Malone, were guilty of negligence contributing to the accident and accordingly rendered judgment rejecting both the demands of the plaintiff and the plaintiff in reconvention.
On rehearing, for written reasons assigned, the trial judge concluded that he had erred in his finding that Mrs. Duke was guilty of negligence contributing to the accident and rendered judgment, setting aside his former judgment, and awarding plaintiff Thomas D. Duke the sum of $445.40 and Mrs. Stella B. Duke the sum of $300, against the said defendant Malone, with legal interest from judicial demand and costs.
The defendant has appealed, praying that the judgment be amended by rejecting the demands of plaintiffs and granting his reconventional demand, and the plaintiffs have answered the appeal praying that the judgment be amended by increasing the award to Mrs. Duke from $300 to $1,000, and, that as thus amended, that the judgment be affirmed.
The facts in the case on the question of liability may be briefly stated as follows:
The situs of the accident is the intersection of Jasmine and Chippewa Streets in a residential area of the City of Baton Rouge. Jasmine Street has a blacktop width of approximately fifteen feet, with shoulders on each side four or five feet in width. Chippewa Street has a blacktop width of eighteen feet, with shoulders of four or five feet in width. At the time of the accident there were no stop signs or traffic lights at this intersection.
Mrs. Duke was driving a 1941 Ford, two door sedan, owned by the community of acquets and gains existing between her and her husband, on a community mission, south on Jasmine Street and the defendant was driving a Fraser .Sedan west on Chippewa Street. The preponderance of the evidence shows that Mrs. Duke was driving at a rate of speed of (fifteen to twenty miles per hour and that the defendant was driving at a rate of speed of thirty-five to forty miles per hour. The accident occurred in mid-afternoon on a clear, warm, dry day. It is further shown that at the northeast corner of the intersection there was an unobstructed vacant space which permitted a motorist traveling south, as Mrs. Duke was going on Jasmine Street, to see traffic approaching from the east on Chippewa Street upon arriving within fifty or forty feet of the intersection and permitted a motorist approaching from the east of Chippewa Street going west to see traffic on Jasmine Street when within fifty or forty feet from the intersection. The defendant Malone testifies that he did not see the Duke automobile until he had reached a point twenty or twenty-five feet from the intersection and that at that time the Duke automobile was also at a point of twenty or twenty-five feet from the intersection; that as he saw the Duke automobile entering the intersection he stepped on his 'brakes and turned slightly to his left in an attempt to avoid colliding with the Duke automobile but in spite of that effort was unable to do so. Mrs. Duke states that she does not remember looking to her left when entering the intersection and states *713 that she did not see the approaching Malone car until she had reached the middle of the intersection and that she could not then do anything but proceed forward. The defendant Malone admits that Mrs. Duke apparently did not look in his direction upon entering the intersection. He further admits that he made no attempt to stop at the intersection until after Mrs. Duke entered the intersection, at which time he applied his brakes and thereupon made fifteen paces of skid marks prior to striking the Duke car and three paces thereafter, and hit the Duke car with such force that it turned over completely, ending up some ten paces south of the point of collision.
It is clear from these facts that the defendant Malone was guilty of gross negligence which was a proximate cause of the collision. The only serious question in the case is whether or not the gross negligence of defendant Malone was the sole proximate cause of the collision or whether Mrs. Duke was guilty of negligence that constitutes a proximate cause of the accident. The only negligence that can be attributed to Mrs. Duke was that as she approached the intersection and for some forty to fifty feet before entering the intersection, she had a clear view to her left, the direction from which the defendant was approaching and that according to her own admission she failed to look to her left and did not see the Malone car until she had reached the middle of the intersection. If she had looked to her left when within forty to fifty feet before entering the intersection she would have seen the defendant’s automobile at least eighty to one hundred feet from the intersection, since he was traveling at a rate of speed of twice the rate she was traveling. Under those circumstances she would have been entirely justified in proceeding into the intersection unless she was then able to judge the reckless speed of defendant’s car and to tell from his actions that he would not respect her right of way.
The lower court, in his reasons for judgment on rehearing, in effect, came to the conclusion that the failure of Mrs. Duke to look to her left was not a proximate cause of the accident, citing Boullion v. Bonin, La.App., 2 So.2d 535, Hanson v. Great American Indemnity Company, La.App., 33 So.2d 549 and Cooke v. Seegers, 17 La.App. 313, 136 So. 216. In these cases, in each instance, the plaintiff was in a similar position as the present plaintiff, in that each failed to see a vehicle which was approaching at an excesssive speed at an intersection where there was no obstruction. The holding in these cases was to the effect that the failure to see the approaching vehicle was not the proximate cause of the accident.
It is our opinion that it would be mere speculation to say that Mrs. Duke would have been able to judge the speed of the oncoming Malone car had she looked to her left. We feel that the evidence shows that the negligence of Mrs. Duke, if any, was passive negligence, in that she had the right of way and had already preempted the intersection and that the sole proximate cause of the collision was the negligence of defendant Malone in operating his vehicle at an excessive rate of speed and failing to keep it under proper control. Certainly if he had been driving at the legal rate of speed and had been keeping a proper lookout, the collision would not have occurred.
We therefore find no manifest error on the part of the trial judge in his finding of fact that Mrs. Duke was free of any negligence contributing to this collision.
In so far as the quantum of damages is concerned the amount awarded to Thomas D. Duke in the sum of $445.40 is not disputed. The only question is whether or not the award in favor of Mrs. Duke in the sum of $300 is sufficient. As brought out by the trial judge, the physical injuries to Mrs. Duke were slight. She was shaken up and spent one night in the hospital. She sustained slight lacerations of the scalp, a contusion of the right hip and other minor contusions of the body. It appears that all the injuries healed perfectly in a short time. Under those circumstances, we believe that the award is sufficient.
For these reasons, the judgment appealed from is affirmed.