64 So.2d 864 (1953)
PORTER, for and on Behalf of PORTER
v.
DE BOISBLANC et al.
DE BOISBLANC
v.
FIDELITY & CAS. CO. OF NEW YORK et al.
Nos. 19998 and 20017.
Court of Appeal of Louisiana, Orleans.
May 4, 1953.
Rehearing Denied May 25, 1953.
Christovich & Kearney, A. R. Christovich, Jr., New Orleans, for Jim S. Porter and Fidelity & Cas. Co. of New York.
Siegfried B. Christensen, I. Bernard Salomon, and Siegfried B. Christensen, III, New Orleans, for Felix de Boisblanc and Lawrence J. Ruiz.
Ivy A. Smith, Jr., and Dominic C. Grieshaber, New Orleans, for intervenor.
Before McBRIDE and REGAN and FRANK McLOUGHLIN, Judge ad hoc.
McBRIDE, Judge.
This appeal presents two consolidated actions for damages in which the parties make cross demands against each other, and in which a third party has filed a claim by way of intervention.
The litigation arose by virtue of an automobile collision, which happened in the late afternoon of August 27, 1951, at the intersection formed by LaSalle Street and the outbound traffic lane of Poydras Street. Four vehicles were involved, and before us are the claims asserted by the owners of three of them.
Poydras Street, a wide thoroughfare, which runs from the Mississippi River in the direction of the lake, is bisected by a neutral ground and has on both sides a paved lane allocated for one-way vehicular traffic. LaSalle Street courses in an uptown-downtown direction and enters the outbound lane of Poydras at right angles. Jim S. Porter, Jr., a minor of Little Rock, Arkansas, who had been in New Orleans for two days on a vacation, was driving his Plymouth automobile on LaSalle Street towards uptown, and in the intersection of Poydras Street his car came into collision with a truck owned by Felix de Boisblanc, driven by his employee, Lawrence J. Ruiz, which was traveling out Poydras Street in the direction of the lake. As a result of the impact, the truck veered over towards the neutral ground on Poydras Street and struck and damaged two cars which were there parked, the second of which was owned by Warren C. Borgeson.
The father of Jim S. Porter, Jr., on his son's behalf, seeks to recover from de Boisblanc and Ruiz, solidarily, the damage sustained by the automobile, and also claims on his own behalf certain expenses which he alleges were incurred by him in connection with the accident. In the Porter *865 suit de Boisblanc set up in reconvention a claim for $645.25, representing the damages to his truck. Subsequently, by separate suit de Boisblanc also asserted a claim for his damages against the liability insurer of Jim S. Porter, Jr. After the cases had been ordered consolidated for trial, Borgeson intervened alleging that the damage to his automobile was caused by the concurrent negligence of both Porter, Jr. and Ruiz. He prays for a solidary judgment against de Boisblanc, Porter, Sr., and the insurer of the Porter automobile.
The trial judge denied all claims except that of Borgeson, who recovered judgment for $103.10 against the defendants in the intervention, who had perfected appeals.
For the purposes of this opinion we see no necessity for detailing the many acts of negligence charged to the respective drivers of the vehicles.
The testimony, as well as a diagram which was offered in evidence, shows that it is impossible for a motorist to stop at the lake curb lane of Poydras Street when entering from LaSalle Street and still be able to observe traffic on Poydras Street approaching from the left. This is so because the curb lane on the river side of LaSalle Street extends 21 feet farther out in an uptown direction than does the lake curbing. Not only is there a building obstructing the motorist's view, but a series of parked automobiles along the curbing of Poydras Street worsened the condition, and the corner, so far as the driver of the Plymouth was concerned, is a "blind" one as defined by the local traffic ordinance.
Besides the driver, in the Plymouth there were two young men, residents of Little Rock, who accompanied Porter, Jr. on the visit to New Orleans. The three occupants of the car testified that Porter stopped at the intersection in obedience to a "Stop" sign, and then proceeded slowly out into the intersection. Upon reaching about the middle thereof, he and his companions then observed the truck approaching from the left at a high rate of speed estimated by them to have been 40 miles per hour. Porter says he saw the truck about three or four car-lengths away, or "about 40 feet." Upon seeing the truck, Porter brought the Plymouth to a stop, and the truck crashed into it about the left front wheel.
Ruiz tells a different story. He maintains that he was traveling along at not more than 20 miles per hour, and that when he had pre-empted the intersection, the Plymouth suddenly came out of LaSalle Street at a rapid rate of speed and crashed into the right rear wheel of de Boisblanc's truck with such force that it caused the truck to turn over and skid along on its top and side, ultimately coming to rest on its right side after having struck two of the cars parked on the neutral ground beyond LaSalle Street.
Even entirely eliminating Ruiz's statements, Porter's own testimony, as well as the depositions of his two friends, is sufficient to warrant a finding of negligence against him. He, from a position of safety, without taking the precautions which the law ordains, and which common sense dictates, maneuvered his automobile into heavily trafficked Poydras Street, which, by virtue of its neutral ground and two roadways, is denominated by Ordinance 13,702, C.C.S., a "Boulevard" and accorded a preferential position over intersecting streets in the matter of traffic movements. If Porter, who was on the less favored street actually did stop at the corner, he discharged but a part of the legal duty imposed upon him. He was required to go further than merely coming to a stop. The action of stopping must be followed by a careful appraisal of traffic on the right-of-way street, and no entry should have been made therein unless conditions clearly warranted it. Harrell v. Goodwin, La.App., 32 So.2d 758. It is obvious that Porter, without keeping a proper lookout, heedlessly drove out into the Poydras intersection and placed himself in imminent danger of colliding with on-coming traffic.
Because of the plea of contributory negligence leveled at the truck driver by the insurer for Porter, Jr., and in view of the charges of negligence made against both *866 drivers by the intervenor, it is now necessary to examine into the actions of Ruiz.
Relying on the evidence given by Porter and his passengers, it is argued that Ruiz was driving at an excessive rate of speed in violation of the traffic ordinance. It is true that Porter, Jr. and his two witnesses insist that Ruiz was speeding, but the record as a whole convinces us otherwise.
Bennie Lions, who appears to have been an entirely disinterested witness, was operating his automobile about two car-lengths behind the truck when the accident happened. He states that Ruiz was driving about 20 to 25 miles per hour about 3 or 4 feet away from the neutral ground curb of Poydras Street. He agrees with Ruiz that Porter's car came out of LaSalle Street at a fast pace and struck the truck at its right rear fender. Ruiz is emphatic that he was driving his truck at 20 miles per hour. Both Lions and Ruiz told of having stopped for a red light at Saratoga Street two blocks from the scene of the accident, and that upon approaching Liberty Street, one block away, it was necessary to slow down to allow some cars to pass. The speed of the truck does not appear to us to have been excessive, and in our opinion was not a contributing factor to the collision. This can be inferred from the short distance, only a block away, traveled by Ruiz from the spot at which he had slowed to allow traffic to pass to the point of the impact.
It was also pointed out in argument that there is some testimony in the record that the truck, after having been engaged in the collision, skidded on its side and top for a distance estimated variously at from 30 to 75 feet from the intersection, and this counsel say demonstrates that the truck traveled at a greater speed than that related by Lions and Ruiz. The answer to counsel's contention is self-evident. It is an impossibility to calculate with any degree of precision or certainty behavior of vehicles after a collision. That fact has been recognized by this court in other cases. Waguespack v. Savarese, La.App., 13 So. 2d 726; Galiano v. Ocean Accident & Guarantee Corporation, La.App., 55 So.2d 641. Even assuming that the truck was traveling at 25 miles an hour, such speed was not violative of the provisions of the local ordinance, which incidentally permits a speed of 30 miles an hour by passenger automobiles on a boulevard and 25 miles an hour by trucks of less than two tons equipped with pneumatic tires.
In this case we have a clear picture of a young motorist, a stranger in the city and unfamiliar with traffic conditions, (even assuming he stopped at the corner) coming out of a less favored street into a boulevard and important traffic artery and running into a passing vehicle. We have not been favored by written reasons for the judgment below, but it is obvious that the trial judge believed that both drivers were negligent, hence the dismissal of the suits and the recovery by the intervenor against Porter, Sr., the insurer, and de Boisblanc. We cannot agree that such conclusion was correct. We fail to find any negligence on the part of Ruiz, who was driving his truck prudently and in accordance with law on a favored street, and we think that the accident was occasioned solely by reason of the fault of Jim S. Porter, Jr. There is no room to admit the doctrine of the last clear chance here as Ruiz states that he did not see the Porter car until the moment it struck him, and it necessarily follows that no steps could have been taken by him to avoid the impact between the two vehicles.
There is no dispute concerning the amount of the damages sustained by de Boisblanc and Borgeson, and they are entitled to a recovery therefor against Jim S. Porter, and the liability insurance carrier of the Porter automobile.
For the reasons assigned, the second paragraph of the judgment in suit No. 309-270, Civil District Court for the Parish of Orleans, which dismisses the reconventional demand of Felix de Boisblanc be and it is hereby reversed, and the judgment is now amended so as to provide that Felix de Boisblanc recover in reconvention from Jim S. Porter the sum of $645.25, with legal interest from judicial demand until paid, and for all costs of the reconventional demand; the third paragraph of said judgment is also reversed insofar as it casts Felix de Boisblanc for the claim asserted by the intervenor, Borgeson, and it is now amended so *867 as to dismiss the claim of the intervenor against de Boisblanc, and as thus amended above and in all other respects the judgment is affirmed.
The judgment in suit No. 309-934 of the Civil District Court for the Parish of Orleans is reversed, and it is now ordered that Felix de Boisblanc have judgment against Fidelity and Casualty Company of New York for $645.25, with legal interest from judicial demand until paid and all costs. The costs of the appeals are to be borne by Jim S. Porter and Fidelity and Casualty Company of New York.
Reversed in part, amended and affirmed in part; reversed and rendered.
JANVIER, J., absent takes no part.