Joseph J. SEGRETO, Plaintiff,

v.

AMERICAN AUTOMOBILE INSUR-
ANCE COMPANY, Defendant.

Civ. A. No. 4942.

United States District Court
E. D. Louisiana, New Orleans Division.

Jan. 18, 1956.

Rittenberg, Weinstein & Bronfin, Robert Weinstein, Henry Yoder, New Orleans, La., for plaintiff.

Boswell, Loeb & Livaudais, Stanley E. Loeb, New Orleans, La., for defendant.

J. SKELLY WRIGHT, District Judge.

This intersectional automobile accident occurred in the French Quarter of New Orleans where the streets are narrow and the buildings abut the property lines, making what are known as blind corners. Plaintiff was injured in the accident and claims damages for his injuries, his hospital and doctor bills, as well as damages to his car.

The accident occurred on November 5, 1954 at 4:00 A.M. at the intersection of two one-way streets, Dauphine and Dumaine. Dauphine is the favored street, Dumaine Street having a stop sign ten feet from the curbing on Dauphine. Both Dumaine and Dauphine Streets are approximately 20 feet wide, with sidewalks to the property line another ten feet. Plaintiff was driving along Dumaine, and approaching from plaintiff's right on Dauphine was the defendant's assured, one Lanaux. The accident occurred about midway in the intersection, the Segreto car being struck broadside by the one being driven by Lanaux. The two drivers were the only witnesses to the collision. After the accident, plaintiff's car veered slightly to its left, completing the crossing, running up on and across the sidewalk and into a store on the plaintiff's left-hand side. The Lanaux car traveled five feet after the accident, leaving skid marks of 15 feet up to the point of impact.

The plaintiff testified that he stopped at the stop sign on Dumaine Street favoring Dauphine Street, that he looked, and could see, to his right for a distance of 50 to 60 feet, further vision in that direction being blocked by the blind corner, and proceeded into the intersection. The corner was well lighted and both vehicles had their running lights on. The plaintiff also testified that he did not see the Lanaux car before it struck his car.

Lanaux testified that he was proceeding on Dauphine Street at a speed of 20 miles an hour and that 30 feet before he arrived at Dumaine, the Segreto car came into the intersection, that he applied his brakes immediately, but was unable to stop before striking the plaintiff's car broadside.

Plaintiff contends that he had pre-empted the intersection and having done so, there arose on part of Lanaux a duty to allow him to clear the intersection without striking his car. Defendant maintains that Lanaux, being on a favored street, had a right to assume that Segreto would respect the stop sign on Dauphine Street and not proceed into the intersection at a time when so to do would bring his car into collision with Lanaux's car. Defendant argues, therefore, that the accident was caused solely by the negligence of Segreto. In the alternative, it says that in any event Segreto was guilty of contributory negligence barring his recovery.

The physical facts show that the Segreto car, after being struck, proceeded generally in the direction in which it had been going prior to the accident for a distance of over 20 feet and stopped only when it came in contact with a building on the corner. This fact demonstrates that it is extremely unlikely that Segreto stopped for the stop sign, for it is difficult to believe that, in the less than 20 feet from the stop sign to the point of impact, the Segreto car could have gained the momentum necessary to project it across the balance of the intersection, over the sidewalk and into the building. The suggestion that the force of the impact propelled Segreto's car against the building does not bear analysis. The Lanaux car hit plaintiff's car broadside, which should have the effect of projecting the Segreto car in the same direction as that in which the Lanaux car was traveling. Instead, the Segreto car continued generally in the direction in which it was traveling prior to the accident with a slight variation in course which may be attributed to the force of the impact.

■■ It may be, as plaintiff suggests, that the Lanaux car was traveling at a greater rate of speed than 20 miles per hour. That conclusion would necessarily have to be based on the physical facts for Lanaux testified that he was going 20 miles per hour and Segreto testified that he did not see the Lanaux car at any time prior to the collision. The physical facts do show, however, that the Lanaux car skidded for 15 feet prior to impact and moved five feet thereafter. Reference to the table contained in 9 Blashfield, Cyclopedia of Automobile Law and Practice, Part 2, Page 706, which table has been cited with approval in Eggleston v. Louisiana & A. Ry. Co., La.App., 192 So. 774, shows that a car traveling at a speed of 20 miles per hour with brakes in excellent condition, requires 40 feet to stop, 22 of the feet covering driver reaction and 18 feet for braking. An argument could be predicated on this statistic to show that a car which leaves skid marks of 15 feet before impact and then travels 5 additional feet, after hitting the other car broadside, was probably going over 20 miles per hour, which in this case would be in excess of the municipal speed limit.[1] The acceptance of that argument, however, would not avail plaintiff. Assuming that the Lanaux car was traveling in excess of the speed limit, which, of course, is negligence per se, the plaintiff himself was negligent in either failing to stop for the stop sign, or having stopped, proceeding into the intersection in the path of the oncoming Lanaux car. It was this negligence on the part of the plaintiff which proximately caused the accident.

■■ The courts of Louisiana have held time and again that "a motorist who merely stops before attempting to enter into a right-of-way thoroughfare has only performed one-half the duty resting upon him.[2] To stop and then proceed forward without ascertaining if it is safe to do so is negligence of a gross character and renders the person guilty of such imprudence responsible in damages resulting therefrom." Anderson v. Morgan City Canning Co., La.App., 73 So.2d 196, 200.[3] Louisiana courts have further held that "To say that one who blindly enters an intersection directly into the path of an approaching vehicle which is in close proximity has acquired the right of way by pre-emption merely because he negotiates the greater portion of the intersection would be absurd." Mansfield v. Toye Bros. Yellow Cab Co., La. App., 78 So.2d 544, 548.[4]

■ So it would appear that accepting the testimony of the plaintiff himself, there can be no recovery in this case. If the plaintiff is correct in stating that he stopped for the stop sign on Dumaine at Dauphine, then he was negligent in proceeding into the intersection directly in the path of the Lanaux car. It is no answer to say that the blind corner blocked his vision when stopped at the stop sign. Plaintiff was under a duty to proceed on Dumaine Street to a point where he could see to his right up Dauphine to determine whether the way was clear for him to proceed across the intersection. This he failed to do, even by his own testimony. Having stopped, he merely ventured farther, never seeing the Lanaux car until

---

1. The municipal speed limit for Dauphine Street is 20 miles per hour.

2. Ordinance 18,202, C.C.S., New Orleans, § 65, sub-section (b), provides:
   "After the driver of a vehicle has stopped in obedience to a stop sign at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway, such driver shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard."

3. See also: Porter, for and on Behalf of Porter v. De Boisblanc, La.App., 64 So. 2d 864; Pancoast v. Cooperative Cab Co., La.App., 37 So.2d 452; Glen Falls Ins. Co. v. Copeland, La.App., 28 So.2d 145; Arline v. Alexander, La.App., 2 So. 2d 710; Smith's Tutorship v. Perrin, La. App., 145 So. 685; Goff v. Southern Coffee Mills, La.App., 144 So. 513.

4. See also: Fenerty v. Culotta, La.App., 80 So.2d 537; Hardy v. M. W. Salomon & Son, La.App., 78 So.2d 73; Boudreaux v. Moreau, La.App., 73 So.2d 192.

after it struck him. His contributory negligence would, in any event, therefore, bar his recovery.

Plaintiff, citing authorities,[5] argues that in cases similar to his, the Louisiana courts have allowed recovery. The cited cases, however, are distinguishable on their facts from the case at bar. Only one of them involves a stop sign, all of them involve two-way streets, and all, but one, involve high speeds on the part of the defendants. Moreover, the authorities cited by plaintiff accept the principles of law herein referred to. A different result was reached on the basis of different facts.

■■ Plaintiff also relies on the doctrine of last clear chance, but that doctrine has no application where, as here, the defendant driver, having discovered plaintiff's peril immediately plaintiff appeared from around the blind corner, made reasonably prudent, if unsuccessful, efforts to avoid the inevitable accident. As applied by the courts of Louisiana, the doctrine of last clear chance is composed of the following elements: (a) plaintiff in position of peril of which he was unaware or unable to extricate himself; (b) defendant in a position where he actually discovered, or should have discovered, the plaintiff's peril; (c) at such time that the defendant could have, by the exercise of reasonable care, avoided the accident.[6] All three elements must be present before the rule may be applied. In other words, the doctrine requires that a negligent defendant be held liable to a negligent plaintiff if the defendant, aware of the plaintiff's peril or unaware of it through carelessness, had in fact a later opportunity than plaintiff to avert the accident. Here there is no proof of negligence on the part of Lanaux. Nor is there any showing that he failed to discover plaintiff's peril and attempt to avoid the accident.

Judgment for defendant.

5. Booth v. Columbia Casualty Co., 227 La. 932, 80 So.2d 869; Duke v. Malone, La. App., 57 So.2d 711; Gauthier v. Fogleman, La.App., 50 So.2d 321; Cooke v. Seegers, 17 La.App. 313, 136 So. 216.

6. See: Bergeron v. Department of Highways, 221 La. 595, 60 So.2d 4; Jackson v. Cook, 189 La. 860, 181 So. 195; Rottman v. Beverly, 183 La. 947, 165 So. 153.