**Roosevelt GAINES, Appellant,**

v.

**EAGLE STAR INSURANCE COMPANY, Limited, Appellee.**

**No. 17310.**

United States Court of Appeals
Fifth Circuit.

Dec. 9, 1958.

Rehearing Denied Jan. 14, 1959.

J. D. De Blieux, Baton Rouge, La., for appellant.

G. T. Owen, Jr., Baton Rouge, La., for appellee.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

PER CURIAM.

This suit was for damages resulting from serious personal injuries occasioned when the insured's vehicle struck the plaintiff-appellant as he, in a far advanced state of alcoholic intoxication, suddenly staggered out from a neutral zone into the eastbound double traffic lane of Airline Highway in Baton Rouge, Louisiana. The Trial Court without a jury exonerated the insured driver. Neither the plaintiff's flagrant negligence nor the lack of the insured's primary negligence is questioned. On the only remaining issue it is clear to us that the Trial Court, with a full understanding of the controlling principles adequately set forth in the cases cited by it, Segreto v. American Automobile Ins. Co., D.C.E.D.La.1956, 137 F.Supp. 194, affirmed 5 Cir., 1957, 239 F.2d 641; Lapuyade v. Pacific Employers Ins. Co., 5 Cir., 1953, 202 F.2d 494; Anderson v. Southern Bell Tel. & Tel. Co., La.App.1954, 74 So.2d 761; Hebert v. Meibaum, La.App.1944, 19 So. 2d 629, all of which go back to the basic decisions of Jackson v. Cook, 1938, 189 La. 860, 181 So. 195, and Rottman v. Beverly, 1935, 183 La. 947, 165 So. 153, had ample basis for the decisive inference that the insured driver did not breach the duties imposed by the Louisiana doctrine of last clear chance. Whether the Court might have found to the contrary, we need not determine. What was found has sufficient record support to resist the appellant's attack of clearly erroneous. Fed.Rules Civ.Proc. rule 52(a), 28 U.S.C.A. There it ends.

Affirmed.