REGAN, Judge.
Plaintiff, Mrs. Addie Acereto, owner and operator of a motor vehicle, instituted this suit against defendant, Rodney Buras, and his liability insurer, New Amsterdam Casualty Company, endeavoring to recover the sum of $10,188, for personal injuries resulting 'from a collision between her car and the truck of Rodney Buras, which occurred in the intersection of Almonaster Avenue and N. Galvez Street, in the City of New Orleans, on October 4, 1949, at approximately 7:20 a. m.
Defendants answered admitting the occurrence of the accident, but denied liability therefor and averred that the accident was caused solely by the fault of plaintiff and, in the alternative, pleaded her contributory negligence.
From a judgment in favor of defendant dismissing plaintiff’s suit, she has prosecuted this appeal.
The record reveals that plaintiff and defendant, Buras, were the only “eyewitnesses” to the accident.
Plaintiff testified that she was driving in' N. Galvez Street in the direction of the Industrial Canal and when she reached the uptown roadway of Almonaster, which is a thoroughfare having two roadways separated by a neutral ground, she brought her car tó a stop. She then started across the intersection, and upon arriving in the roadway of the far or downtown side of the neutral ground, she again came to a stop when she observed an automobile approaching from her right on Almonaster Avenue, traveling close to the curbing of the neutral ground, the driver thereof, intending to execute a left turn, motioned plaintiff to proceed and, at that time, the intersection was clear and plaintiff, therefore, moved forward to complete the crossing; when she had traversed approximately three-fourths thereof, a truck, operated by defendant, entered the intersection from plaintiff’s right traveling at an excessive rate of speed, in view of, the conditions which then existed, the collision occurred and as a result thereof plaintiff was injured.
Defendant, Buras, testified that he was operating his truck at a speed of between twenty and twenty-five miles per hour in Almonaster Avenue toward the lake, traveling about four feet from the neutral ground and behind another automobile, which manifested a signal for a left turn as he approached N. Galvez Street; defendant then moved his vehicle to the right in order to pass this automobile and when he was parallel thereto, plaintiff’s car suddenly emerged from in front of this vehicle and although the defendant immediately applied his.'brakes and endeavored to swerve to the right in an effort to avoid the accident, the left front fender of his truck struck the right front fender of plaintiff’s automobile.
After the collision plaintiff’s automobile was located in the center of the downtown roadway of Almonaster Avenue some distance from the intersection and defendant’s truck came to a stop at a forty-five degree angle at the downtown lake curbing.
Plaintiff contends that defendant was negligent in failing to accord the right of way to plaintiff’s car after she had preempted the intersection; in passing a stopped vehicle on the right and entering the intersection at a time when it was blind to the defendant; in failing to keep a proper lookout, having his vehicle under control and traveling at an excessive rate of speed. In the alternative, plaintiff insists that if she was negligent then defendant possessed the last clear chance to avoid the collision.
, Defendant, on the other hand, reiterates that the accident resulted from the gross negligence of the plaintiff and,, in the alternative, averred that if defendant was guilty of any. negligence then, in that event, he pleads the contributory negligence on the part of the plaintiff, which consisted of passing in front of an automobile which had signalled for a left turn without first observing the approach of traffic from her right.
*619 Where an intersectional collision occurs between two motor vehicles and the operators thereof charge each other with negligence, there can be no recovery by the litigant who initiates the suit if that party, by the exercise of due diligence and reasonable care, could have avoided the accident. Transcontinental Insurance Co. v. Toye Bros. Yellow Cab Co., La.App., 55 So.2d 585.
A careful analysis of the record discloses that the plaintiff failed to observe the defendant’s truck approaching the intersection which she could have seen if she had exercised reasonable care and our conclusion in this respect is in conformity with that of the trial court which found, as a fact, that “plaintiff was guilty of negligence in failing to look and to see the truck and that her negligence was such as to bar her' recovery, irrespective of whether it was the sole or only a contributing cause of the accident.” However, counsel for the plaintiff relies upon the well established principle of law originally enunciated, in the case of Rottman v. Beverly, 1936, 183 La. 947, 165 So. 153 and reiterated' in Jackson v. Cook, 1938, 189 La. 860, 181 So. 195 and innumerable other cases. Therefore, even if the plaintiff was negligent and even though the negligence continued up to the moment of the collision, defendant is. liable if he had the last dear chance.of avoiding the accident and failed to do so. In relying on the doctrine of last clear chance counsel for plaintiff has, in effect, admitted her negligence.
Our examination .of the record not only discloses that -the defendant neglected to observe the approach ■ of plaintiff’s car into the..intersection by.virtue of his failure to exercise reasonable care,, but it also reflects that the defendant did not possess the last clear chance of avoiding the accident. The application of this doctrine, in the last analysis., is predicated upon the defendant’s superior knowledge of the peril coupled with his ability to avoid it. To successfully charge the defendant with having possessed “the - last, clear chance”, he must have been or should have been aware of the dangerous situation and must have had a reasonable time within which to. avoid the impending accident. Defendant was not only unaware . of the emergency, but the suddenness with whjchi plaintiff emerged into the intersection militated against him having a reasonable time within which to avoid the accident. After he discovered the emergency, the record reveals that he endeavored to do everything within his power to avoid the unfortunate result thereof.
For the reasons assigned the judgment from is affirmed.
Affirmed.