JANVIER, Judge.
The automobile collision from which this suit resulted occurred at about five o’clock in the afternoon of October 9, 1953, at the junction of Edinburg Street and Carrollton Avenue, in New Orleans. ' The cars which were involved were a Plymouth which belonged to plaintiff, Fred Allen, and which was driven by him, and a Pontiac which was owned by Mrs. Ruth Sheffield and which was being operated by her minor son, Alex, who was accompanied by Joseph Tanet and Peyton Darensbourg, both of whom were seated on the front seat with young Sheffield.
The car of plaintiff, Fred Allen, was damaged and, alleging that the collision was caused by negligence of young Sheffield, Allen brought this suit against Mrs. Sheffield and her liability insurance carrier, Traders & General Insurance Company, praying for solidary judgment against the two defendants in the sum of $158.67 which, according to a stipulation of counsel, correctly represents the cost of repairing plaintiff’s car. . , -
Defendants denied liability averring that the accident was caused by the negligence of plaintiff himself in that, without looking or taking proper precautions, he drove his car from a position of safety, which was afforded by the neutral ground of Carroll-ton Avenue, directly into the path of the oncoming Sheffield car when it was too late for the latter to be stopped.
In the First City Court of New Orleans there was judgment for plaintiff as prayed for and defendants have appealed.
Allen, the plaintiff, was driving his Plymouth car on Edinburg Street and had crossed the first roadway of Carrollton Avenue and the neutral ground and was turning to his left on the second roadway of the Avenue when the collision occurred.
Young Sheffield was operating the Pontiac car on Carrollton Avenue and was approaching the intersection from Allen’s right.
Alongside the neutral ground of Carroll-ton Avenue there were quite a number of vehicles in line, all stopped, the first being to the immediate right of Allen and adjacent to the end of the neutral ground. These vehicles, to some extent, interfered with the view of Allen to his right and with the view of young Sheffield to his left. There was other traffic on Carrollton Avenue alongside the curb of the street and young Sheffield was driving the Pontiac in the center lane between those two -lines of stationary vehicles. Just ahead of Allen, as he was crossing the neutral ground of Carrollton Avenue, was another car, owned ^.nd driven by Edward Crochet, Jr. Crochet • successfully ' crossed the . neutral ground and' entered the second roadway of Carrollton Avenue and had turned to his left just as Allen, following him, attempted to turn his car to the left into the roadway on which young Sheffield was approaching -from his right. The collision occurred and Allen’s car sustained the damages on which this suit is- based.
Crochet says that as he emerged from the protection of the neutral ground, he could see that traffic was approaching from his right and that while he couldvnot actually identify the Sheffield car, there was a car which he thinks was the one driven by Sheffield and that ’this car was -about a block and a half away, but was approaching at such a speed that it traversed the distance of a block and a half “in about no time at all,” and crashed into the Allen car as it emerged into the roadway of Carrollton Avenue. ■
Allen himself says that he had crossed the first roadway of Carrollton Avenue, had brought his car to a complete stop'in the neutral ground, and had looked to his right and had' seen nothing approaching in the middle lane of the roadway of Car-rollton Avenue. He says: “I didn’t see anything, I thought I had a chance to get through.”
Sheffield and the two passengers in his car say that, as they approached the intersection of Edinburg Street, they saw the *80 traffic to their left standing alongside the neutral ground and they thought that the driver of the first car in the line was waiting to turn to his left at the intersection and that when the Sheffield car was so close to the intersection that it could not be brought to a stop, the Allen car suddenly emerged from the protection of the neutral ground immediately in front of the Sheffield car. The Sheffield car skidded for a distance before the collision occurred and the length of the skid marks is variously estimated at from 10 to 35 feet.
Under these conditions we are of the opinion that it was negligence on the part( of Allen to drive his car from a position of safety into the traffic, which admittedly was congested at that point, without making certain that it was safe for him to do so.
All of the witnesses agree that there was traffic on both sides of the roadway and that the Sheffield car approached the intersection in the center lane between the two lines of stationary traffic.
It is possible that the speed of the Sheffield car was slightly excessive, but it seems certain to us that had Allen been careful he c/Duld have seen the other car approaching and that had he seen it, he would have realized that it was not safe for him to enter the roadway when he did.
The facts of this case are somewhat similar to those which we found in Mitchell v. Buras, La.App., 68 So.2d 617. There, as here, plaintiff had stopped on the neutral ground to permit the passage of a car which was approaching the intersection from the right. The driver of the approaching car signaled an intention to turn left and motioned to plaintiff to proceed across the neutral ground and enter the second roadway. Plaintiff did this without noticing a truck which was approaching the intersection from her right. Her car was struck by the truck. We found “that the plaintiff failed to observe the defendant’s truck approaching the intersection which she could have seen if she had exercised reasonable care. * *
Our conclusion is that even though young Sheffield may have been at fault in operating his car at a speed which may have been slightly in excess of that permitted by the City traffic ordinance and the existing conditions, the accident would not have occurred had it not been for the negligence of Allen in entering the intersection without first making certain that it was safe for him to do so.
The judgment appealed from is annulled, avoided and reversed and plaintiff’s suit is dismissed at his cost.
Reversed.