JANVIER, Judge.
This suit results from an automobile collision which occurred in the intersection of Florida Avenue and Eads Street, in New Orleans, at about six-thirty o’clock on the evening of. June 18, 1952. Plaintiff, John E. Garrity, Jr., was operating his 1950 Ford Sedan on Eads Street, going in a northerly direction, which was away from the Mississippi River and towards Lake Pontchartrain, . Defendant, Vincent Brubaker, was driving his 1949 Chevrolet Sedan on Florida Avenue in a westerly direction. The c.ars met in the intersection and both sustained damage.
Garrity brought this suif against Bru-baker, praying for judgment for $378.03, representing the damage to his automobile, and alleging that the accident had resulted from negligence of Brubaker in the following particulars:
In failing to have his automobile1 under proper control; in failing to stop for a “Stop Sign” in accordance with the requirements of Ordinance No. 18202, C.C.S.; and in failing to bring his car to a stop and without colliding with plaintiff’s car which had entered and preempted the intersection.
Brubaker answered, denying any negligence on his part and averring that the collision had been caused by negligence of Garrity in driving his car into the inter* section at a speed of more than twenty^ *876 five milés an hour in violation of the City-Ordinance on the subject; and in “failing to honor the prior preemption of defendant.”
Brubaker then assumed the position of plaintiff in reconvention and, charging that the damage to his car had been caused by the above referred to acts of negligence, prays for judgment in reconvention against Garrity in the sum of $114.85, which he alleged was the amount necessary to repair the damage to his car.
There was judgment in the First City Court of New Orleans dismissing both the suit of plaintiff and the reconventional demand and plaintiff has appealed.
The testimony, as is usual in such cases, cann.ot be reconciled.
Garrity says that as he approached the corner he was operating his car at a speed of about twenty miles per hour and that he reduced his speed to about twelve or fifteen miles per hour and that when he was fifteen or twenty feet from the intersection, he noticed the Brubaker car on Florida Avenue, and -that, since he knew that a “Stop Sign” was facing Brubaker, he assumed that Brubaker would stop; that when he realized that defendant did not intend to stop, he applied his brakes, but that the other car struck his car with the resulting damage.
Brubaker says that when he reached the intersection he brought his car to a stop, ■saying “there’s a stop sign there.” He ■gave the following version of the ensuing accident:
“ * * * i pUueci my car, front ■of my car by that stop sign, which' is against my visibility to the right, to the right there isn’t much visibility but to the left there is visibility. Well, coming up to this street was this car and it was about half a block down and my •car is clear to go on across the street and I put my car in low gear and started on out and then my mother •screamed and this man (pointing to Mr. Garrity) was bearing down on me and he was hitting thirty (30) or better and he busted me in the rear half of my left fender and demolished my left door and busted the glass and knocked me into this field or clearing of the city, on the inside side of Florida Avenue, which is the opposite side of Eads Street and I ended up in that weedy section there and my car wasn’t on the road though.”
Mrs. Agness Schnell, Brubaker’s mother, was sitting alongside him on the front seat of his car. She says:
“We were coming down the street and Vincent (Brubaker) stopped there and then as he started up, I happened to look up and seen this car coming and he hit us so quick that we went over into the ditch there.”
Mrs. Irene Barrett, Brubaker’s sister was on the rear seat of his car. She says that she did not see the Garrity car until the moment of the impact. Her statement is as follows:
“Well, we were riding on Florida Avenue and we came to a stop at Eads Street, he stopped the car and then my brother drove the car to a fixed space and then another car hit us.”
Even though Garrity seems to have been on the favored Street and even though he knew that Brubaker should have stopped at the stop sign on Florida Avenue, it seems evident that had Garrity even glanced towards his right, he would have seen the Brubaker car approaching and would have realized that it was not going to be stopped. He says that he had reduced his spfeed to such an extent that it is obvious that he could have brought it to a stop when he realized that it was necessary to do so. His failure to do this was negligence on his part and prevents recovery by him.
On the other hand, we are convinced that Brubaker did not stop at the stop sign as he says he did, and we are also convinced that he drove his car into the intersection at a speed which, under the circumstances, was excessive. He would have us believe *877 that, as a result of the violence of the blow struck by the Garrity car, his car was knocked across the street and into a vacant lot. We think that the cause of this was the speed at which his car entered the intersection.
Surely it cannot be said that the finding of the trial court on these questions of fact was manifestly erroneous.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.