These two suits for damages, consolidated for trial in the Court below and for argument and submission before this Court, arose out of the same automobile accident which occurred in the Town of Kaplan, Vermilion Parish, on September 11, 1937. The accident was an intersectional collision between a Dodge truck belonging to Jules S. Motty, doing business as Motty Ice Works, driven at the time by Rudolph E. Boullion, and a Ford Coupe belonging to Kaplan Rice Mills, Inc., which was being driven at the moment by Dallas Bonin. It happened at about noon in the intersection formed by the junction of Cushing Avenue and Sixth Street. It is admitted that both drivers were employed by the respective owners of the vehicles which they were driving and that they were, at the time, acting within the course and scope of their employment.
Cushing Avenue runs directly north and south and Sixth Street, east and west. Cushing Avenue is fifty feet wide on the side north of Sixth Street and widens to seventy-six feet after it crosses that street. Beginning immediately on the south side of Sixth Street where it measures seventy-six feet, there is a neutral ground in the center measuring fourteen feet, thus leaving a lane of travel thirty-one feet in width on both sides of the neutral ground. Sixth Street is twenty-seven feet wide on the side east of Cushing Avenue and thirty-seven feet on the side west. On the west side of Cushing Avenue there are buildings at or near the corner of the intersection but on the east side both corners are clear of any obstructions to the view of automobile drivers. Cushing Avenue is a right of way street and a town ordinance prescribes that cars entering it must come to a stop before doing so.
Rudolph Boullion, plaintiff in one of the suits, was driving his employer's truck on Sixth Street, travelling west, Dallas Bonin, made a defendant in both suits, was driving his employer's Ford coupe on Cushing Avenue, going south. The two vehicles collided at a point near the southwest corner and well beyond the center of the intersection. The force of the impact caused the Dodge truck to be pushed against a telephone post on the southwest corner of the intersection and the driver, Boullion, was thrown from the truck on the sidewalk, sustaining personal injuries for which he seeks to recover damages from Bonin, driver of the Ford car, and his employer Kaplan Rice Mills, Inc., and its public liability insurer, Employers Liability Assurance Corporation, in solido, in the sum of $2,527. The Dodge truck was damaged to the extent of $492 which the owner, Jules S. Motty, alleges it would cost to have it repaired and he sues the same defendants to recover that amount from them, in solido.
The claims of each are based on the allegations made by the plaintiff in each suit that the Dodge truck had crossed the entire intersection of the two streets when Bonin, going at an excessive rate of speed, in violation of the town ordinance, and without keeping a lookout for other vehicles, entered the intersection and negligently drove his car into the middle of the right side of the truck. It is further alleged that the brakes of the Ford car were in bad condition, making it impossible to *Page 537 
safely stop the car in the event of an emergency such as this but the testimony did not support such charge of negligence.
The defendants, in both suits, deny the negligence charged by the plaintiffs and aver that to the contrary, the accident was caused by the sole negligence of Boullion, the driver of the Dodge truck, in entering Cushing avenue without stopping at the intersection as he was required to do by the town ordinance, and in driving at an excessive rate of speed without keeping a proper lookout for traffic on the streets. In the alternative, they plead, in case Bonin should be shown to have been negligent, that Boullion's contributory negligence in the manner as just set out, stands as a bar to the recovery of the plaintiffs in both suits.
On the issues as thus presented, the district judge, after trial, concluded that the drivers of both vehicles were negligent, that they equally contributed to and were equally responsible for the accident. He accordingly dismissed the suit of each of the plaintiffs and they have appealed.
It seems clear from the testimony, as found by the district judge, that the defendant Bonin was guilty of gross negligence. He was on his way to the rice mill and admits that he was in a hurry to get there. He did not know exactly how fast he was driving but "guesses" that it was about forty miles an hour. Although his view on the side from which the Dodge truck was coming was clear and unobstructed, he did not see the truck enter the intersection and only saw it as he was about to hit it. When asked whether he had applied his brakes, he answers that he doesn't remember but doesn't believe that he did. A witness named Arestide Broussard who saw him pass on the street at a point two blocks from the intersection testifies that according to his judgment, he was then going about fifty or fifty-five miles and it looked to him as though he was picking up speed instead of slowing down.
Boullion states that he wasn't going more than twenty miles an hour and when asked to designate on a plat the point in the intersection where the truck was at the time it was struck, he places it well beyond the west side of the neutral ground on Cushing Avenue south of Sixth Street. That point, in relation to the width of the intersection shows that he was already at least two-thirds, if nor more, across the intersection. The Ford car hit the truck right in the middle, pushing it against the telephone post. The force of the impact was strong enough to break that post. Bonin's negligence can easily be concluded from the rate of speed at which he was driving, his failure to keep a proper lookout for traffic which may be entering from a side street into the avenue on which he was travelling and his failure to apply his brakes or do anything to try to avoid running into the truck.
Boullion admits that he entered Cushing Avenue at the intersection without stopping, in direct violation of the ordinance of the town, the provisions of which he was fully aware, and without sounding the horn of his truck or giving any other warning whatsoever. He says that he looked in both directions for traffic as he entered the intersection and not seeing any car approaching proceeded on, looking straight ahead. He had equal opportunity of seeing the Ford car approaching the intersection from the north as did Bonin of seeing the truck and why, if he did look in that direction, as he says he did, and did not see it, has not been explained and cannot be understood. He therefore was clearly negligent in entering the intersection without stopping, in violation of the ordinance, and in failing to keep a proper lookout for approaching traffic.
To the extent therefore that the district judge found both drivers negligent we can say that we are in accord with his findings of fact but in our opinion, there is a further reason to which we can look for the proximate cause of this accident and if the liability of either party can be fixed because of it, it becomes the duty of the Court to examine into it and decree the liability, if any. We have in mind that rule of law which arises in cases of this kind and which places the responsibility for the accident on the party who had the last clear chance to avoid causing injury. Whilst the plaintiff in either suit has not pleaded the doctrine of last clear chance against the driver of the defendant car we find that in a case of this kind, where a defendant alleges that the plaintiff was negligent, since the plaintiff is presumed under the Statute Code Prac. art. 329 to have denied the charges of negligence made against him and is entitled to introduce any sort of evidence, including such as will establish a defense based on the doctrine of the last clear chance, he is entitled, in *Page 538 
order to refute the charges made against him, to rely on that doctrine without pleading it. Iglesias v. Campbell, La.App., 175 So. 145.
The doctrine of "last clear chance" as enunciated by the Supreme Court of this State in the case of Jackson v. Cook,189 La. 860, 181 So. 195, 197, is to the effect that where a plaintiff negligently puts himself in a place of danger, and the defendant actually sees, or should have seen, the danger by keeping a sharp lookout ahead, "then there devolves upon the defendant a duty which intervenes or arises subsequent to the negligent acts of the plaintiff, and that duty is to save the plaintiff from the consequences of his negligent acts if he can. * * * If he could have averted the accident by the exercise of due diligence and failed to do so, his negligence in that respect is considered the proximate and immediate cause of the injury, and the plaintiff's negligence the remote cause, and the plaintiff may recover although his negligence continued to the instant of the accident. The basis of recovery in such cases is the defendant's superior knowledge of the peril and his ability to avoid the injury. He has the last clear chance." 20 R.C.L. § 116, p. 144, is cited as authority.
Applying this principle to the facts in the case before us we are constrained to hold that the defendant Bonin, driver of the Ford car, had the last clear chance to avoid the accident and the resulting injury and damage. He absolutely failed to keep a sharp lookout head or else he must have seen the Dodge truck enter the intersection at a moment, when, by his own admission, he would have had the opportunity to avoid running into it. He says that he did not see the Dodge truck until he was four or five yards from it. His failure to have seen it before of course constituted negligence before then but even at the moment when he did see it and still could have avoided the collision, he did absolutely nothing about it. Asked what he did at that moment he says all that he remembers is that he took his foot off the accelerator of his car. He doesn't remember exactly whether he applied his brakes or not but doesn't believe he did. Bearing in mind that Cushing Avenue has two lanes of travel each measuring thirty-one feet in width beginning immediately south of Sixth Street, Bonin was asked if had he seen the truck soon enough he could not have taken the "wrong" lane, meaning the lane to his left, to avoid the accident and he answers that he could. If he did not see the truck soon enough it is because he was not keeping the sharp lookout ahead that he should and in legal contemplation therefore he did see it. Moreover, in our opinion, even at the moment he says he actually did see it, from twelve to fifteen feet ahead of him, he could, had he been alert enough, have turned his car to the left into the lane of travel on that side and avoided running into the truck. He had the last clear chance to avoid the accident and did not make use of it. He therefore must be held responsible and the liability of his employer and the latter's insurer follows as a legal consequence.
The testimony discloses that Boullion, the plaintiff in one of the suits, was knocked unconscious and suffered several brush burns and cuts, including a cut on his hand which had to be stitched, and he also sustained severe shock and pain. He was confined to his bed for three days and unable to attend to his work as a truck driver delivering ice for his employer, Jules S. Motty, for two weeks. He has some fixation of the scar to the underlying tendons over the middle of the bones between the fourth and fifth fingers of the right hand which limits the flexion of these fingers and results in some slight disability. As far as the type of work he does is concerned, the disability cannot be of any serious consequences as he was re-engaged by his employer with no reduction in the amount of wages he received before, $10.50 per week. There is no demand for doctor or other medical bills and it is our opinion that an award of $600 for his injuries and $21 as loss of wages for two weeks would compensate him for the damage he has suffered.
With regard to the damages demanded by the plaintiff, Jules S. Motty, for the necessary repairs to his truck, it developed that these repairs were not made and the truck was subsequently taken in trade on the purchase of a new one. The trade in value was fixed at $100 and as it appears that its value before the accident was approximately $500, we believe that an award of $400 would be proper.
A separate decree will be entered in each case and the one which follows applies to the case of Rudolph E. Boullion. *Page 539 
It is therefore for the reasons herein stated now ordered that the judgment appealed from be and the same is hereby avoided, reversed and set aside and it is now further ordered that there be judgment herein in favor of the plaintiff Rudolph E. Boullion and against the defendants, Dallas Bonin, Kaplan Rice Mills, Inc., and Employers Liability Assurance Corporation, in solido, in the full sum of $621 with legal interest from date of judicial demand until paid, and for all costs of suit.
 On Rehearing.