79 So.2d 373 (1955)
R. A. McCLENAGHAN, Plaintiff-Appellee,
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant-Appellant.
No. 8296.
Court of Appeal of Louisiana, Second Circuit.
March 22, 1955.
Rehearing Denied April 14, 1955.
*374 Bullock & Bullock, Shreveport, for appellant.
Joseph R. Bethard, Shreveport, for appellee.
GLADNEY, Judge.
This action is in tort to recover from defendant insurer for personal injuries and property damage incurred in an intersectional automobile collision in Shreveport, Louisiana, between a Chevrolet station wagon owned and driven by plaintiff, R. A. McClenaghan, and a Ford truck operated by John Adams, at the time engaged upon a mission for Alex Knight, the owner of the truck insured by the defendant. The accident took place at the crossing of East Washington and Sevier, which streets run east and west and north and south respectively.
Plaintiff's petition alleged Adams was negligent in entering the intersection in a careless and reckless manner and at a rate of speed which was too fast under existing conditions and further declared plaintiff preempted the intersection. The defense charges by way of a special plea of contributory negligence the negligence by plaintiff in failing to maintain a proper lookout, in not keeping his automobile under proper control, and further, it is alleged, he failed to yield to the driver on favored East Washington Street.
Judgment was rendered in favor of plaintiff for a sum less than claimed. Defendant has perfected appeals to this court and plaintiff has answered to ask that the judgment be amended to increase the award of damages in accordance with the prayer of his petition. The principal legal issue presented involves the determination of whether or not McClenaghan entered the intersection sufficiently in advance of Adams and therefore may be held to have preempted the crossing.
On the day and at the time of the accident, December 11, 1953 about 12:05 P. M., McClenaghan was driving the station wagon north along Sevier Street while Adams was driving the truck westerly along East Washington Street. It was raining with the temperature low enough to cause the glass in both vehicles to "fog up", which condition interfered with the visibility of both drivers. There were no trees or buildings on the southeast corner of the intersection and the view of either driver across this corner was unobstructed for a distance of several hundred feet from the intersection. Both streets are surfaced with black top of a width of twenty-four feet.
At the time of the collision plaintiff had entered the intersection and driven the front portion of his vehicle five or six feet into the northeast quadrant of the intersection. The impact was so severe the two interlocked vehicles were propelled fifty feet westward on East Washington Street where they came to rest.
Adams testified when he entered the intersection he was far over on the right or north side of East Washington Street traveling at a speed of approximately twenty-five miles per hour. McClenaghan stated he was driving near the center of Sevier Street after he had slowed to a near stop upon reaching the intersection, looked in both directions and observing no on-coming vehicles he then shifted gears and proceeded slowly forward at a speed of from ten to fifteen miles per hour. Both drivers testified they did not see each other prior to the collision, each explaining that rain and the foggy condition of the glass prevented their seeing to the side.
The only other eye witness to the accident was Edward A. McKinley, Jr., a captain of the Shreveport Fire Department, whose residence is located near the southwest corner of the intersection. McKinley at the time was engaged in planting a tree just south of the southwest corner of the intersection. He was personally acquainted with McClenaghan and they exchanged *375 greetings. He testified McClenaghan came to a near stop before slowly proceeding into the intersection and that just as McClenaghan started into the intersection he first noticed the truck opposite the front of the second house on the north side of East Washington Street, a distance shown by the record to be about one hundred seventy-five feet from the intersection. McKinley estimated the speed of the truck as it approached the intersection at from twenty-five to thirty miles per hour.
The question of liability turns principally upon whether or not plaintiff pre-empted the intersection. Neither East Washington nor Sevier Street is accorded preference by the city traffic ordinance and therefore it must be conceded the truck which approached from plaintiff's right enjoyed the right of way under the provisions of the state highway regulatory statute, LSA-R.S. 32:237, subd. A, which declares that when two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way.
The record, we think, clearly establishes McClenaghan entered the intersection well ahead of Adams and under circumstances which justified McClenaghan in assuming he could safely cross East Washington Street without interfering with traffic moving thereon. This holding disposes of the charge plaintiff did not yield the right of way to the truck which was traveling on the favored street under the provisions of the highway regulatory act as referred to above. The statutory provision has application only when the vehicles approach or enter the intersection at approximately the same time and it is apparent that McClenaghan entered the intersection substantially ahead of Adams.
Defendant's contentions that plaintiff failed to properly observe the approach of the truck and have his vehicle under proper control is not proven. McKinley's testimony shows Adams was about one hundred seventy-five feet from the intersection at the time plaintiff was entering it, a fact which warranted McClenaghan in believing that he had ample time to safely negotiate the crossing. Furthermore, it is undisputed McClenaghan was driving at a slow rate of speed and had his car under careful control at the time of the collision. Adams testified that he was traveling about twenty-five miles per hour when he entered the intersection. It is logical to believe Adams was traveling at a much faster rate of speed. This inference results from the assumption that McClenaghan while driving his vehicle at a rate of speed of from ten to fifteen miles per hour traveled only about thirty feet, while Adams was traveling at least five times that distance. We think Adams was traveling too fast considering his poor visibility resulting from the foggy glass. Except for his failure to slow to a safe speed, the accident in all probability would not have occurred.
Counsel for defendant has cited as indicative of the negligence of plaintiff the cases of Mitchell v. Buras, La.App., 1953, 68 So.2d 617; Browne v. Hall, La. App., 1954, 70 So.2d 199; Garrity v. Brubaker, La.App., 1954, 72 So.2d 875; Harris v. Travelers Indemnity Co. of Hartford, Conn., La.App., 1954, 70 So.2d 235; Webb v. Providence Washington Ins. Co., La. App., 1954, 72 So.2d 883 and Boudreaux v. Moreau, La.App., 1954, 73 So.2d 192, which cases we have carefully examined and find inapplicable as the facts presented did not warrant finding one of the motorists had preempted the intersection. These cases re-affirm the well established legal principle that preemption of an intersection does not mean a prior entry of a vehicle simply by a matter of a few feet or in the relation to the time element by a fraction of a second ahead of another vehicle, but preemption must be construed to mean an entry into an intersection with the opportunity of clearing the same without obstruction of the path of another vehicle under normal and reasonable circumstances and conditions. Furthermore, where the intersection involves the passage across a favored thoroughfare, an obligation *376 of exercising unusual care and caution rests upon the driver on the less favored thoroughfare and should be enforced. Those cases mentioned above as favorable to defendant's position hold the motorist should be denied his claim to preemption where he does not enter the intersection sufficiently far in advance of the other vehicle to warrant a reasonable belief that the crossing could be made without impeding traffic on the favored street. The rule does not require that every vehicle involved in a collision with another moving on a favored street shall be denied recovery, nor does it mean that the vehicle on the favored street involved in an accident shall under all circumstances be absolved from wrong. The obligation rests upon the motorist traveling on a favored street to so operate his automobile as to comply with all provisions of traffic regulations and in a prudent manner, having due respect for the rights of and conditions governing other motorists who may happen to be crossing the right of way street.
The judge a quo has favored us with a written opinion which clearly sets out his findings of the factual and legal issues involved, and after special consideration given to the charge of contributory negligence urged by the defense, he rejected it, holding that plaintiff was free from any negligence which contributed to the accident. It is well recognized in our jurisprudence that in asserting the special plea of contributory negligence defendant carries the burden of proving the allegations relied upon by him. See: Gaiennie v. Cooperative Produce Co., Inc., 1940, 196 La. 417, 199 So. 377; Whittington v. Western Union Telegraph Co., Inc., La. App., 1939, 193 So. 498; Althans v. Toye Bros. Yellow Cab Co., La.App., 1939, 191 So. 717; French v. T. S. C. Motor Freight Lines, La.App., 1949, 39 So.2d 363.
By answer to the appeal plaintiff has requested that the judgment of the trial court allowing Seven Hundred Fifty and No/100 ($750.00) Dollars for pain and suffering should be increased to Five Thousand ($5,000.00) Dollars, and that an award should be made for future medical bills in the amount of Five Hundred ($500.00) Dollars. It is our opinion the amount allowed for pain and suffering is adequate and the rejection by the trial court of the claim for future medical expenses is proper and in line with the proof presented on these items.
It, therefore, follows that from the findings hereinabove set forth, the judgment from which appealed should be and is hereby affirmed at appellant's cost.