JANVIER, Judge.
On October 24, 1952, at about seven o’clock in the morning, as Godwin J. Sam-pey, the 26 year old son of Mrs. Aline B. Sampey, was driving his mother’s Ford Sedan in Harvey, Louisiana, it was involved in a collision with a truck owned by Clarence Martin and operated at the time by Linton Lahaze, an employee of Martin, who admittedly was acting in the course *552 and. scope of his employment. The Ford of Mrs. Sampey was badly damaged, the cost of the repairs being $339.32.
She had obtained a policy of collision insurance from Audubon Insurance Company under which the company had agreed to pay all but the first $50 of the cost of repairing such damage as might result from collision, and accordingly, the said insurance company paid $289.32 of the cost of the repairs and Mrs. Sampey paid the remaining $50 of that cost. The insurance company secured a subrogation pro tanto and then it, together with Mrs. Sam-pey, brought this suit for damages against Martin, the owner of the truck.
Plaintiffs allege that the collision resulted from negligence on the part of Lahaze in failing to keep a proper lookout; in driving in a careless and reckless manner; in failing to yield the right of way though Mrs. Sampey’s car had preempted the intersection, and though Mrs. Sampey’s car, since it was approaching from the right, was entitled to the right of way; in driving the truck at an excessive rate of speed; in failing to have it. under control, and in operating the truck in spite of the fact that its brakes were defective.'
Martin denied any negligence on the part of his employee, Lahaze, and averred that the collision had been caused by negligence of young Sampey, the driver of his mother’s Ford, in failing to maintain a proper lookout; in driving in a reckless manner; in failing to yield the right of way to the Martin truck which had preempted the intersection; in failing to have the Ford under control, and in operating it at an excessive rate of speed.
Defendant did not plead contributory negligence on the part of young Sampey.
.There was judgment dismissing plaintiffs’ suit and they have appealed.
The record shows that the collision occurred in the intersection of Gold Street and Rathborne Road, in Harvey, Louisiana. The Sampey car was being driven out Rathborne Road in a direction away from the Mississippi River and. the Martin truck was on its way up Gold Street, so that the Sámpey Ford approached the intersection from the right of the Martin truck. Since there is in evidence no local ordinance which might have given one of the streets priority over the other, it follows that the right of way was governed by LSA-R.S. 32:237, subd. A which provides:
“When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. * * * ”
The driver of the Martin truck could not be called as a witness, but. his absence was explained by Martin, who said that he had found it impossible to locate that employee; that his employment had been only temporary and that he had disappeared.
In the absence of Lahaze, the only eyewitness to the occurrence was young Sampey who, in our opinion, convicted himself of negligence. He says that, as he approached the intersection, he was driving his mother’s Ford at a speed of about twenty miles an hour and that, because the corner to his left was “blind”, he “couldn’t see too good.” He says that his speed of twenty miles an hour was reduced to approximately fifteen miles an hour and that he continued into the intersection at that speed, and that when he first saw the truck it “was coming into the intersection”. He was asked where his car was when he first saw the truck and he said “I seen the truck when I was about in the intersection.” He said that at that time the truck was about ten feet to his left. He does not state that the truck was being operated at an excessive speed, nor does he make any other statement which would indicate negligence on the part of the driver of the truck except that when it was about ten feet away he saw it and, at a speed of about fifteen miles an hour, he attempted to pass in front of it.
*553 It is true that he would have been entitled to the right of way had the vehicles entered the intersection at about the same time and at reasonable speeds. However, in the absence of any evidence as to just what was the speed of the truck or as to just what its driver was doing, it cannot be said that its driver was negligent.
Young Sampey says that the driver of the truck told him that his brakes "wasn’t working too well” but he says also that when the brakes of the truck were applied the truck slid or skidded and Martin,' the owner of the truck, says that the brakes were in perfect condition,
It is argued on behalf of plaintiffs that regardless of the negligence on the part of young Sampey, plaintiffs may nevertheless 'recover if there was negligence in the driver of the Martin truck and that negligence had causal connection with the ensuing accident, for the reason that young Sampey had borrowed his mother’s car and was using it for purposes of his own, and that accordingly his negligence would not prevent recovery by her as owner of the car from a joint tort-feasor. Of course, this is true.
In Pancoast v. Cooperative Cab. Co., La.App., 37 So.2d 452, 458, we said:
“It is well settled that the owner of an automobile may recover for damage sustained by it in an accident to which the negligence of the borrower may have contributed. Adam v. English, La.App., 21 So.2d 633; Manley v. Hammons, La.App., 20 So. 2d 817; Honeycutt v. Carver, La.App., 25 So.2d 99.”
However, we cannot conclude from the record made up by plaintiffs that there was any negligence on the part of the driver of the truck. The finding of the District Judge was correct.
Accordingly, the judgment appealed from is affirmed at the cost of appellants.
Affirmed.