83 So.2d 667 (1955)
Marshall J. GAUTREAUX, Plaintiff-Appellant,
v.
SOUTHERN FARM BUREAU CASUALTY COMPANY, et al., Defendants-Appellees.
No. 4090.
Court of Appeal of Louisiana, First Circuit.
November 22, 1955.
*668 Durrett & Hardin, Baton Rouge, for appellant.
Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for appellees.
TATE, Judge.
This property damage suit involves an intersectional collision. Plaintiff appeals from judgment which dismissed his demand. Defendant's reconventional demand was also dismissed. Defendant neither appealed nor answered the appeal.
Prior to the accident at about 10 a. m. January 15, 1954, plaintiff Gautreaux was driving his 1953 Ford west on North Boulevard in the City of Baton Rouge, Louisiana. Defendant, Mrs. R. H. Barrow, was driving her 1951 Ford north on S. 18th Street; codefendant Southern Farm Bureau Casualty Company carried a policy of liability insurance on the operation of said Barrow automobile.
At the intersection involved, there was a stopsign located on the corner facing traffic bound north on South 18th Street, as was defendant Mrs. Barrow. North Boulevard was approximately 30 feet in width. It had been raining, and the brick streets were wet. The collision occurred approximately in the center of the intersection, where the right front end of the Gautreaux automobile struck the right rear door of the Barrow automobile. Thus the front of the Barrow automobile had almost cleared the intersection. Gautreaux testified that he had pulled to his left in an unsuccessful attempt to clear the rear of the Barrow automobile, which suddenly rolled into his path.
Following the impact, the rear of the Barrow automobile skidded westward, jumped a 6 inch curb, and knocked down the slender steel rod of the stopsign, moving a total of approximately 24 feet. After the accident, the Barrow automobile was headed approximately east, having more or less pivoted on its front end; while the Gautreaux automobile was in the center of the intersection and had moved approximately 3 feet after the impact.
The District Court concluded in oral reasons for judgment that at this clear intersection both parties were contributorily negligent, in these words:
"Certainly, in my opinion, if Mrs. Barrow, in fact, did stop as she testified that she did prior to entering the intersection she must be held to be guilty of negligence in entering the street when the Gautreaux car was at a point so close that for her to enter the street would result in a collision.
"While my personal views are that a person should be permitted to rely on the fact that a stop sign should prohibit a person from entering a thoroughfare as I understand the law it is that even though there is a stop sign which requires that a vehicle entering the favored street to stop prior to enteringa person on a favored street *669 is required, when the intersection is open, as the evidence shows in this case, to observe the fact that the car did or did not stop.
"I am inclined to believe that Mr. Gautreaux, from the testimony, was in fact paying attention to returning to his work and probably recounting in his own mind his visit with the dentist immediately prior to the collision and in all probability was so preoccupied that he did not observe, as under the law I believe he is required to have done so, the car driven by Mrs. Barrow entering the intersection at a time when a collision would follow unless he applied his brakes timely."
In our opinion, the able District Court correctly felt that the motorist on the favored street should be permitted to rely on the existence of a stopsign inhibiting the entrance of traffic from inferior streets; but we feel that the mere fact he failed to see whether the other automobile did or did not stop does not constitute contributory negligence. To bar recovery, the deficient lookout must be a proximate cause of the accident.
To paraphrase the rule we have stated several times: A motorist crossing an intersection has the right to rely on the assumption that those approaching it will respect a stopsign which the motorist knows is located there, and accordingly he may proceed. If, however, in driving on the favored street he sees, or in the exercise of due care should see, that the other vehicle neglected to make the stop required by law, the motorist may himself be under a duty of stopping if by the exercise of reasonable care on his part the accident could have been avoided at the time he saw or should have seen the other vehicle violating its legal duty to stop before entering the favored thoroughfare. See Blashfield, Cyclopedia of Automobile Law and Practice, (Perm. Edition) Volume 2, Section 1032, pp. 333-334, cited in Miller v. Abshire, La. App. 1 Cir., 68 So.2d 143; Droddy v. Southern Bus Lines, Inc., La.App. 1 Cir., 26 So. 2d 761; Termini v. Aetna Life Insurance Co., La.App. 1 Cir., 19 So.2d 286. See also Federal Insurance Co. v. Lepine, La.App. 1 Cir., 55 So.2d 83, where excessive speed on part of driver on main thoroughfare at blind intersection was held not to be proximate cause of accident.
In the everyday world, ordinarily prudent motorists on the main thoroughfare do not slow before each corner and attempt to peer down the sidestreets, but instead concentrate most of their attention on the path ahead, relying on their legal "right of way". Legislative provisions for right of way are to facilitate the passage of traffic in this congested twentieth century world. If to accomplish this purpose, and in realization that even observing the path ahead may tax the ordinary motorists' powers of sustained observation, the legislature has relieved the motorist on the right of way street of a duty ordinarily to slow before each intersection (and, consequently, of a duty to take his attention from the path ahead by darting glances each way down the intersecting streets), appellate courts should not supply artificial standards in an unrealistic attempt to allocate damages after an accident has occurred.
In the present instance, Mrs. Barrow's negligence was undoubtedly a proximate cause of the accident when she entered the intersection when (as found the District Court) the Gautreaux vehicle was so close to the intersection, whether she stopped at the stopsign or not. However, Gautreaux was under no duty (even if maintaining an adequate lookout) to expect her to proceed into the intersection if she had stopped or was slowing for the stopsign. But, further, if Gautreaux was approaching at a speed of 20 mph (i. e., 29' per second) as he informed the investigating officers immediately after the accident and testified at the trial, while Mrs. Barrow as she claimed was crossing said intersection at a speed of 15-20 mph (i. e., 21.9'-29' per second), it does not appear to us, even if Gautreaux observed Mrs. Barrow failing to stop at the stopsign, that he hadthus far having proceeded free of negligence and under no duty up until that time to anticipate the inferior motorist's failure to observe *670 her legal duty to stopphysical opportunity to avoid the collision. It is to be remembered that Mrs. Barrow's entry and crossing of the intersection occurred within 1 to 1½ seconds. Thus the sole proximate cause of the accident was Mrs. Barrow's negligent entry onto the main thoroughfare in the face of oncoming traffic, Robbins v. Mydland, La.App. 1 Cir., 81 So.2d 561.
Defendants, however, urge that the physical results of the accident indicate plaintiff was proceeding at excessive speed, which was at least a proximate contributory cause of the accident, thus seeking to bring the situation within cases such as Comeaux v. Blanchet, La.App. 1 Cir., 69 So.2d 527, Miller v. Abshire, La.App. 1 Cir., 68 So.2d 143, Gauthier v. Fogleman, La.App. 1 Cir., 50 So.2d 321, where the driver on the superior thoroughfare was held guilty of proximate cause negligence for that reason.
Considering the wet and slippery conditions of the brick street, the burden of proof upon him alleging contributory negligence to prove it, the positive testimony as to the legal speed of plaintiff, and the absence of any contradictory testimony other than the estimate of Mrs. Barrow's daughter based on a momentary glimpse at the moment of impact, and in view of the relatively slight damage to both vehicles, we do not believe that the evidence is necessarily indicative of any great or excessive speed, in the absence of a contrary finding by the District Court. Rather, we believe, the physical evidence supports the plaintiff's version of the accident that defendant's car appeared in his path when he was so close to the intersection that he was unable to avoid same, even though he pulled hard to his left, thus causing the right front end of his car to strike the rear of the Barrow car in the very center line of the intersection.
Since each case depends upon its individual facts and circumstances, little purpose would be served by detailed analysis of the cases cited by defendants in support of their thesis that plaintiff was at least contributorily negligent under the facts of this case. Suffice it to say, almost all of them can be factually distinguished in that the driver on the main thoroughfare was a sufficient distance away therefrom to avoid the collision, had he been proceeding with proper lookout or not at excessive speed.[1]
We do not view defendant's claim to have pre-empted the intersection as well founded since as we have observed only recently, "The right of pre-emption is not accorded the driver who blindly enters a favored street, without regard to oncoming traffic, and then attempts to absolve himself of liability because of the mere fact that he was there first", Sonnier v. United States Fidelity & Guaranty Co., La.App. 1 Cir., 79 So.2d 635, at page 638. Pre-emption means entry into an intersection with the opportunity to clear same without (under reasonably anticipated conditions) obstructing the passage of approaching vehicles, Wilson v. Williams, La. App. 1 Cir., 82 So.2d 71.
Defendant further urges that plaintiff failed to prove by certified copy of ordinance or other valid proof that North Boulevard was a favored street at the place of the accident. While this objection was correct, since our courts may not take judicial notice of municipal ordinances, Pacific Fire Insurance Co. v. Employers Liability Assurance Corp., La.App., 34 So.2d 796, Butler v. O'Neal, La.App., 26 So.2d 753, nevertheless under the facts of this case even if no favored thoroughfare was proven, nevertheless plaintiff had the right of way as a vehicle approaching from the right under LSA-R.S. 32:237A, see Schech v. Pittman, La.App. 1 Cir., 51 So.2d 119.
The property damage sustained by plaintiff was stipulated at $225.61.
*671 For the above and foregoing reasons, the judgment of the District Court herein is reversed. It is hereby ordered, adjudged, and decreed that there be judgment herein in favor of plaintiff, Marshall J. Gautreaux, and against defendants, Mrs. R. H. Barrow and Southern Farm Bureau Casualty Company, holding them liable in solido in the sum of $225.61 with legal interest thereon from judicial demand until paid, and for all costs of these proceedings and of this appeal.
Reversed and rendered.
NOTES
[1] Wilson v. Yellow Cab Co., La.App., 64 So.2d 463, with facts very similar to the present, specifically noted that the common carrier defendant owed its plaintiff passenger the standard of care not of the reasonably prudent motorist (which is the standard applicable here) but that of the highest degree of care, so that the very slightest negligence was actionable.