86 So.2d 232 (1956)
Peter R. LA FURIA, Plaintiff-Appellee,
v.
Jo Sidney TARVER et al., Defendants-Appellants.
No. 4158.
Court of Appeal of Louisiana, First Circuit.
March 20, 1956.
*233 Watson, Blanche, Fridge, Wilson, Posner & Thibaut, Baton Rouge, for appellants.
Huckabay, Seale, Kelton & Hayes, Baton Rouge, for appellee.
TATE, Judge.
This is an action for property damage caused when one of two vehicles involved in an intersectional collision caromed as a result thereof into plaintiff's parked car. Plaintiff filed suit against the driver and liability insurer of only one of the cars therein involved, that driven by Miss Jo Ann Tarver.[1]
Immediately prior to the accident Miss Tarver was proceeding eastward on Europe Street in Baton Rouge, while Mrs. Viccinelli was driving the other car involved south on Maximilian Street, both ladies approaching the intersection of the two streets. Each street was 24 feet wide and hard-surfaced. There were no traffic control signals at the intersection. The accident happened at 6:30 p. m. in the late summer, September 22, 1953.
The Tarver and the Viccinelli cars collided in the approximate center of the intersection, and before coming to rest the Viccinelli vehicle struck plaintiff's Dodge parked on Europe Street about fifty feet east of the intersection.
The District Court held that the negligence of both drivers contributed to the accident and awarded plaintiff herein judgment for $246.66 property damage against *234 Miss Tarver and her insurer, defendants herein.
The real issue for our determination is whether the accident was caused solely by the negligence of Mrs. Viccinelli or concurrently by hers and Miss Tarver's that is, whether any contributory negligence of Miss Tarver was a proximate cause of this accident. For Mrs. Viccinelli's negligence was clearly a proximate cause of the accident and of plaintiff's damages, since she proceeded into the intersection without maintaining a lookout and in disregard of Miss Tarver's right of way as the vehicle approaching the intersection from the right, LSA-R.S. 32:237, subd. A.
The District Court found that if Miss Tarver "had made proper observation at this intersection, she would have seen the Viccinelli car approaching the intersection at such a close proximity that it would be negligence on her part for her, Miss Tarver, to proceed into the intersection."
It further found that neither automobile was proceeding at an excessive rate of speed. Unlike the Tarver car which came to rest within a few feet and still in the intersection, the Viccinelli car turned left and struck plaintiff's car 50 feet east of the intersection to cause the damage here sought. However, this fact is not so necessarily indicative of great speed as to require disbelief of sworn testimony found credible by the trier of fact. As Police Officer Watson testified, if the brakes are not continuously applied "A car will travel a good ways when it is out of control at a low rate of speed," Tr-23.
Thus both vehicles approached this unobstructed intersection almost simultaneously at moderate rates of speed, about 15-20 mph. Neither driver observed the other until immediately before the impact in the approximate center of the intersection. The front end of the Viccinelli vehicle struck the left side (front fender) of the Tarver car.
Under such circumstances both drivers have been held contributorily negligent, since had either observed the other an accident would have been avoided, Dodd v. Bass, La.App., 76 So.2d 572; Sustendal v. Weber, La.App., 76 So.2d 8; Comeaux v. Blanchet, La.App. 1 Cir., 69 So.2d 527. We have determined that the District Court's determination in this regard is not manifestly erroneous, and the judgments will be affirmed.
It is argued by appellant that Miss Tarver pre-empted the intersection because she entered it slightly (within split seconds) ahead of the other vehicle. However, prior entry by a few feet or split seconds does not pre-empt an intersection since made without the reasonable expectation of clearing same without obstructing the oncoming vehicle in such close proximity thereto, Gautreaux v. Southern Farm Bureau Casualty Company, La.App. 1 Cir., 83 So.2d 667, Sonnier v. United States F. & G. Co., La.App. 1 Cir., 79 So.2d 635, see McClenaghan v. United States F. & G. Co., La.App., 79 So.2d 373.
Counsel for Miss Tarver most persuasively argues that her failure to maintain an adequate lookout so as to see Mrs. Viccinelli was not a proximate cause of the accident: For even had Miss Tarver seen the other car approaching, she was under no duty to expect it to continue to proceed without control or lookout and without regard for Miss Tarver's superior right of way as the vehicle approaching from the right, citing Duke v. Malone, La.App. 1 Cir., 57 So.2d 711; Boullion v. Bonin, La. App. 1 Cir., 2 So.2d 535; Van Dyke v. Waguespack, La.App. 1 Cir., 198 So. 425.
The writer of this opinion must frankly confess that in his individual judgment this case falls within the explicit provisions of LSA-R.S. 32:237 subd. A: "When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way." (Italics ours.) See such cases as Gautreaux v. Southern Farm Bureau Casualty Co., La.App. 1 Cir., 83 So.2d 667; Duke v. Malone, La.App. 1 Cir., 57 So.2d 711; Gulf Ins. Co. v. Robins, La.App. 1 Cir., 15 So.2d 552; Pender v. Bonfanti, La.App. 1 Cir., 13 So.2d 105; *235 Van Dyke v. Waguespack, La.App. 1 Cir., 198 So. 425; see also such cases recognizing the rule but denying recovery to the right of way motorist because of excessive speed as Sampey v. Martin, La.App., 80 So.2d 551[2], McClenaghan v. United States F. & G., La.App., 79 So.2d 373, Prescott v. Rowland, La.App. 1 Cir., 32 So.2d 72.
Legislative provisions for right of way are to facilitate the passage of traffic; rather than requiring all traffic to stop at each corner before proceeding, traffic with the right of way is generally entitled to continue towards and enter an intersection on the assumption that less favored traffic will respect said right of way, Gautreaux v. Southern Farm Bureau Casualty Co., La.App. 1 Cir., 83 So.2d 667, Van Dyke v. Waguespack, La.App. 1 Cir., 198 So. 425, unless the superior motorist sees or should see the inferior traffic and should reasonably realize its approach will continue and will obstruct the superior motorist's passage across the intersection in time to stop and avoid the accident, Miller v. Abshire, La.App. 1 Cir., 68 So.2d 143; Droddy v. Southern Bus Lines, Inc., La.App. 1 Cir., 26 So.2d 761; Termini v. Aetna Life Insurance Co., La.App. 1 Cir., 19 So.2d 286.
Since both cars approached the intersection at a speed of about 20 mph (29.2 feet per second), the writer individually doubted that Miss Tarver had time to avoid the accident after her duty arose to anticipate that the other car would continue into the intersection in disregard of her right of way.
However, in view of the infinite factual variations, increasing or decreasing the duties of the respective drivers in terms measured by split seconds' and several yards' differentiation, this Court is unable to hold manifestly erroneous the District Court's apparent determination that Miss Tarver because of lack of lookout was unable to avoid the accident in question when under a duty to anticipate the other vehicle's continued approach toward and into the intersection.
For the above and foregoing reasons, the judgment of the District Court herein is affirmed. Plaintiff-appellant to pay all costs herein.
Affirmed.
NOTES
[1] The absence of the other car's owner and insurer as parties is explained in the record, since this latter liability insurer was also plaintiff's collision insurer liable for and subrogated to the claim for most of the damages sought herein. Present defendant is plaintiff in the companion suit against the driver and insurer of the other car, reported at 86 So.2d 235.
[2] Cf.: "It is true that he would have been entitled to the right of way had the vehicles entered the intersection at about the same time and at reasonable speeds", 80 So.2d 553.