90 So.2d 901 (1956)
Robert STARNES, Plaintiff-Appellant,
v.
Charles G. MURY et al., Defendant-Appellee.
No. 4290.
Court of Appeal of Louisiana, First Circuit.
November 26, 1956.
*902 A. Leon Hebert, Baton Rouge, for appellant.
Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for appellee.
TATE, Judge.
Plaintiff Robert Starnes appeals from judgment dismissing his claim individually for medical expenses and property damage, and on behalf of his then-minor daughter, Barbara Starnes, for personal injuries. The suit arises from an intersectional collision on February 11, 1954, between the Starnes Studebaker, driven by Miss Barbara Starnes, and a 1950 Ford driven by co-defendant Mury, the operation of which was insured by the co-defendant liability insurer.
The Starnes vehicle was proceeding southward down 31st Street, and the Mury automobile was proceeding westward on Duke Street. The collision (of light impact) occurred at the center of the intersection; the Starnes' car was struck on the left front fender and door, indicating that it had entered the intersection first. There being no traffic control or governing municipal ordinance, the Starnes vehicle had the right of way, as coming from the right of the Mury Ford, LSA-R.S. 32:237, subd. A.
The testimony of defendant Mury and of the passenger in his car show him to be grossly negligent. They both saw the Starnes Studebaker approximately 40 feet from the intersection, proceeding toward it at a speed of about 15 mph, when the Mury car was approximately 60 feet from said intersection, going at a speed of 20-25 mph. A clear implication of their testimony is that had Mury immediately applied his brakes and slowed, the accident would have been avoided. The indicated reason for Mury's failure to do so was his mistaken impression that he had the right of way over the Starnes vehicle coming from the "side street".
"[T]raffic with the right of way is generally entitled to continue towards and enter an intersection on the assumption that less favored traffic will respect said right of way [cases cited], unless the superior motorist sees or should see the inferior traffic and should reasonably realize its approach will continue and will obstruct the superior motorist's passage across the intersection in time to stop and avoid the accident [cases cited]", La Furia v. Tarver, La.App., 86 So.2d 232, at page 235. See also the recent comprehensive summary in Brashears v. Tyson, La.App. 1 Cir., 86 So.2d 255, of the right of the vehicle approaching from the right to approach and enter the intersection under LSA-R.S. 32:237, subd. A.
However, the District Court's determination that Miss Starnes was contributorily negligent in the premises cannot be held manifestly erroneous in view of her testimony of slowing just before entering *903 the intersection and looking both ways and then: "Q. If you had seen his car, could you have stopped before you entered the intersection?A. Yes, because I was almost at a complete stop anyway." (Tr-29.)
It is most likely, as defendants point out, that Miss Starnes' recollection is mistaken that she drew almost to a stop at the intersection before proceeding (after looking both ways.) The most probable reconstruction of events, based on the contrary testimony of defendants' witnesses; her remark "well, if I had seen him, I think he would have been far enough away to where I thought I could have made it across anyway", Tr-35; and the skidmarks at the accident; is that she slowly approached the corner, having briefly observed to her left at 40-50 from the corner, then concentrated to her right to which she was under a duty to yield the right of way.
Her failure then to see defendants' car would not be a proximate cause of the accident, because even if she had noted itat a greater distance than she from the intersection , she could reasonably have expected it to yield to her right of way. Brashears v. Tyson, La.App. 1 Cir., 86 So.2d 255, Bahry v. Folse, La.App. 1 Cir., 83 So.2d 912, certiorari denied; Gautreaux v. Southern Farm Bureau Casualty Co., La.App., 83 So.2d 667; Duke v. Malone, La.App. 1 Cir., 57 So.2d 711; Gulf Ins. Co. v. Robins, La.App. 1 Cir., 15 So.2d 552; Van Dyke v. Waguespack, La.App. 1 Cir., 198 So. 425.
But perhaps (oral reasons rendered were not transcribed) the District Court accepted as correct the initially quoted testimony, under which, Miss Starnes had the reasonable opportunity to observe and to realize that the oncoming Mury car was going to proceed into the intersection in derogation of her own right of way, and could reasonably after this realization have avoided the accident by desisting from her own favored entry into the intersection; and thus this failure upon her part was a concurrent proximate cause of the accident. Martin v. Adams, La.App., 88 So.2d 476; Dodd v. Bass, La.App., 76 So.2d 572; Comeaux v. Blanchet, La.App. 1 Cir., 69 So.2d 527.
Therefore as we stated recently in La Furia v. Tarver, 86 So.2d 232, at page 235, "in view of the infinite factual variations, increasing or decreasing the duties of the respective drivers in terms measured by split seconds' and several yards' differentiation, this Court is unable to hold manifestly erroneous the District Court's apparent determination that [plaintiff's driver] because of lack of lookout was unable to avoid the acccident in question when under a duty to anticipate the other vehicle's continued approach toward and into the intersection."
Plaintiff herein relies upon Thomas v. Checker Cab Co., 229 La. 1079, 87 So.2d 605, Booth v. Columbia Casualty Company, 227 La. 932, 80 So.2d 869, and Gauthier v. Fogleman, La.App. 1 Cir., 50 So.2d 321.
In the Thomas and Gauthier cases, the inferior driver pre-empted the intersection by entering same, because he was under no duty to anticipate that his own passage across the intersection would be impeded because of the not-to-be anticipated excessive speed of the other vehicle. The Booth case, involving a blind corner, did not concern a situation where the driver had the opportunity to see the oncoming traffic in time to avoid the collision (although admittedly the broad language as to pre-emption arising simply by first entry lends some support to plaintiff's position.)
For the above and foregoing reasons, the judgment of the District Court herein is affirmed.
Affirmed.