94 So.2d 457 (1957)
Joseph A. NIX et ux., Plaintiffs-Appellees,
v.
STATE FARM MUTUAL INSURANCE CO., Defendant-Appellant.
No. 4360.
Court of Appeal of Louisiana, First Circuit.
March 25, 1957.
Rehearing Denied May 2, 1957.
*458 Plauche & Stockwell, Lake Charles, for appellant.
Russell T. Tritico, Ralph Hanks, Jr., Lake Charles, for appellee.
TATE, Judge.
This suit arises from an intersectional collision occurring at 9 a. m. on January 27, 1955 in Maplewood, Louisiana.
The evidence shows that Mrs. Nix, coplaintiff, was driving her 1949 Chrysler eastward on Parish Road. Defendant's insured, Mrs. Daly, was driving southward on East End Boulevard. Both ladies were driving at speeds of less than 25 miles per hour.
The front end of Mrs. Nix's car struck the right rear door of Mrs. Daly's car. Mrs. Nix testified that the impact occurred in the center of the intersection, as she pulled left when she suddenly perceived Mrs. Daly was not going to stop, in disregard of Mrs. Nix's right of way. Mrs. Daly testified she had almost completed crossing the intersection before she was struck, in her own lane of traffic, on the rear of her automobile. Parish Road, upon which Mrs. Nix was driving and which Mrs. Daly was crossing, was 25 feet in width.
Mrs. Daly admitted that she never saw Mrs. Nix before the impact. Mrs. Nix testified at the trial that she saw Mrs. Daly's car approaching, when it was approximately 100 feet from the intersection, and when Mrs. Nix herself was approximately 140 feet from the intersection; that the Daly car slowed, leading her to believe that it would stop before entering; that nevertheless it failed to stop and proceeded into the intersection in her path. Mrs. Daly admitted slowing as she came into the intersection, in order to observe any oncoming traffic; and failing to observe Mrs. Nix's approaching car, she entered the intersection.
Mrs. Daly was concededly negligent in entering the intersection in disregard of Mrs. Nix's right of way, as the latter car was approaching from Mrs. Daly's right, LSA-R.S. 32:237, subd. A. The chief question posed by this appeal is whether Mrs. Nix was contributorily negligent, so as to defeat her recovery, in failing to stop or slow when she saw Mrs. Daly's car approaching.
Alternatively, defendant argues that the testimony in discovery depositions supports a finding that Mrs. Nix also did not observe the approach of the Daly car. We need not discuss this contention in detail: first, because the District Court accepted Mrs. Nix's sworn testimony at the trial that she observed and relied upon Mrs. Daly slowing as she approached the intersection; and second, assuming arguendo that Mrs. Nix did not observe Mrs. Daly's *459 car, even if so, as the discussion below indicates, Mrs. Nix was entitled if she had observed the other to proceed towards and into the intersection in reliance upon her own superior right of way, and therefore such failure of lookout would not be a contributory proximate cause of the accident, Wilson v. Williams, La.App. 1 Cir., 82 So.2d 71, Duke v. Malone, La.App. 1 Cir., 57 So.2d 711, Boullon v. Bonin, La. App. 1 Cir., 2 So.2d 535.
We have had occasion several times recently to reiterate the rule that traffic with the right of way is entitled to approach towards and to enter an intersection, even if it observes traffic approaching on an inferior thoroughfare, because superior traffic is entitled to rely upon the assumption that the other traffic will respect the superior right of way, Brashears v. Tyson, La.App. 1 Cir., 86 So.2d 255, Bahry v. Folse, La.App. 1 Cir., 83 So.2d 912, certiorari denied Gautreaux v. Southern Farm Bureau Cas. Co., La. App. 1 Cir., 83 So.2d 667, unless the superior motorist should reasonably realize in time to stop and avoid the accident, that the inferior traffic will continue its approach and will obstruct the superior motorist's passage across the intersection, Miller v. Abshire, La.App. 1 Cir., 68 So.2d 143, Droddy v. Southern Bus Lines, Inc., La.App. 1 Cir., 26 So.2d 761, Termini v. Aetna Life Insurance Company, La.App. 1 Cir., 19 So.2d 286.
The cases relied upon by defendant are factually distinguished. In Comeaux v. Blanchet, La.App. 1 Cir., 69 So.2d 527, the District Court's determination that the excessive speed of the superior motorist proximately contributed to the accident was held non-erroneous. In McCardle v. United States F. & G. Co., La.App. 1 Cir., 56 So.2d 273, and Vidrine v. Fontenot, La. App. 1 Cir., 49 So.2d 428, the superior motorist was held negligent in failing to slow and desist from entry into the intersection towards which the inferior motorist was proceeding at obvious excessive speed under the circumstancesthat is, with the apparent intention of ignoring the superior motorist's right of way.
As we pointed out in Starnes v. Mury, La.App. 1 Cir., 90 So.2d 901, and La Furia v. Tarver, La.App. 1 Cir., 86 So.2d 232, the District Court's factual determination that the superior motorist's entry into the intersection did or did not proximately cause the collision concerned must be reviewed by an appellate court in the context of the infinite variations in split-seconds and feet distant involved, depending upon which the relative rights and duties of the parties concerned must be evaluated, and which determinations themselves must be deduced from the data furnished by the necessarily imperfect human observations and recollections of two or three moments of sudden crisis.
In the present case, Mrs. Nix testified that she was traveling between 15-20 mph (21.9'-29.2' per second) or between 20-25 mph (29.2'-36.5' per second). Mrs. Daly testified that she had slowed from 25 mph to 15 mph before entering the intersection. If Mrs. Nix saw Mrs. Daly when the latter was 100 from the intersection, at 25 mph, she was less than three seconds away from it but still able to come to a complete stop according to all stopping distance tables before entering same.
If the rule were that both parties are enjoined from entering an intersection so long as other traffic is in sight, and therefore ipso facto both parties are contributorily negligent in every intersectional collision, then of course Mrs. Nix had a duty to stop or to slow immediately upon perceiving the other vehicle. But the legislative provision of the right of way is to facilitate the passage of traffic, rather than requiring that all vehicles stop at each corner. Gautreaux v. Southern Farm Bureau Cas. Co., La.App. 1 Cir., 83 So.2d 667, Van Dyke v. Waguespack, La.App. 1 Cir., 198 So. 425. The standard by which the actions of motorists are to be judged as negligent or not in legal *460 actions is that of the reasonably prudent motorist, not that of the super-cautious motorist.
Applying such principles, Mrs. Nix was certainly entitled to continue her approach toward the intersection even after she saw (or should have seen) the other car, relying upon her own right of way. Considering that the accident was to happen in the next three or four seconds, the point at which Mrs. Nix was called upon to realize that the other motorist was going to disregard the Nix vehicle's right of way cannot of necessity be determined with any precision. But we are certainly unable to say the District Court's determination was manifestly erroneous that Mrs. Nix did not have the opportunity, in time to avoid the accident, to observe that the other car was not going to stop before entering the intersection in disregard of Mrs. Nix's superior right of way.
It should be borne in mind that it took only approximately one second in all for Mrs. Daly to enter and cross to the other side of the intersection at a speed of 15 miles per hour, during which time plaintiff Mrs. Nix, at a greater speed of 20-25 mph and considering reaction time, had but a split-second to avoid the accident. For this reason, whether the impact occurred at the center of the intersection, or five or ten feet further south therefrom, is immaterial in the terms of the splitseconds involved, for the purposes of appellate review as to whether the District Court's determination is manifestly erroneous.
Plaintiff answered the appeal seeking an increase in the amount of damages awarded; defendant in brief requests the amount be reduced. We find the damages neither manifestly inadequate nor manifestly excessive.
For the above and foregoing reasons the judgment appealed from is affirmed.
Affirmed.