98 So.2d 260 (1957)
Dr. R. M. BARANCO, Plaintiff-Appellee,
v.
Charles Lee COTTEN et al., Defendants-Appellants (Anglo American Underwriters, Intervenor).
No. 4502.
Court of Appeal of Louisiana, First Circuit.
November 19, 1957.
*261 Watson, Blanche, Fridge, Wilson, Posner & Thibaut, David W. Robinson, Baton Rouge, for appellant.
Benton & Moseley, Baton Rouge, for plaintiff.
N. Cleburn Dalton, Baton Rouge, for intervenor.
TATE, Judge.
Plaintiff filed suit for damages resulting from an intersectional collision. Made defendant were the driver and the liability insurer of the other car. Plaintiff's collision insurer intervened, having paid plaintiff for the total destruction of his car in the accident.
Defendants appealed from judgment in favor of plaintiff and of intervenor.
The accident occurred at approximately 4 o'clock on the afternoon of November 21, 1955. Prior to the accident plaintiff was proceeding southward on St. Joseph Street in Baton Rouge, defendant Cotten eastward on Mayflower Street. Both streets were black-topped and 24' in width, dry at the time of the accident. The weather was cloudly, but visibility was unobscured by same.
The left front of defendants' two-door Buick struck the right front door of plaintiff's four-door Oldsmobile sedan. Subsequent to the initial impact, plaintiff's car veered southeasterly and its left front fender and door struck and cracked a telephone pole on the southeast corner.
Police officers placed the point of impact as exactly 12' south of the north curb line of St. Joseph across Mayflower Street, i.e. exactly midway across the intersection insofar as plaintiff was concerned. Both cars skidded twenty-odd feet after the initial collision; plaintiff's car being a total loss as a result of its impacts with the defendants' car and with the utility pole, and defendants' automobile also being severly damaged. Defendants' vehicle made skid marks 17' in length prior to the collision.
Defendant Cotten stated that when he was about 100 feet distant therefrom he had noticed plaintiff's car stopped at the edge of the intersection. Cotten estimated his own speed at that time as being about 30 mph, slightly in excess of the legal maximum of 20 mph, Baton Rouge City Code, Section 11:46E, see LSA-R.S. 32:229, subd. B, or of a State limit of 25 mph, claimed by defendants to be applicable. He further testified that when he was 60' from the intersection, he saw plaintiff's car entering it at a slow speed.
Plaintiff testified that he did not see defendants' car near-onset until immediately before the collision, just as he himself got to the middle of the intersection.
For appellate purposes, both parties agree that the only right of way possibly involved is the directional right of way accorded to the car approaching from the right by statute, to wit, LSA-R.S. 32:237, subd. A, which provides: "When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of way. The driver of any vehicle traveling at an unlawful rate of speed or in an unlawful manner shall forfeit any right of way which he might otherwise have." (Italics ours.) Of similar import is the right of way provision of Section 11:28A, Baton Rouge City Code.
In casting defendant Cotten and his insurer, the trial court necessarily found that the excessive speed of defendant Cotten was the sole proximate cause of this accident. See Wilson v. Williams, La.App. 1 Cir., 82 So.2d 71.
The driver with the directional or other right of way is ordinarily entitled to proceed toward or into an intersection upon the assumption that inferior traffic will respect *262 the superior right of way, Stevens v. Delanoix, La.App. 1 Cir., 96 So.2d 844, Guillory v. Frank, La.App. 1 Cir., 95 So.2d 197, certiorari denied, Commercial Credit Corp. v. Serpas, La.App. 1 Cir., 94 So.2d 83, Gautreaux v. Southern Farm Bureau Cas. Co., La.App. 1 Cir., 83 So.2d 667, unless he should reasonably realize in time to avoid an accident that the inferior traffic will continue into the intersection, Miller v. Abshire, La.App. 1 Cir., 68 So.2d 143, Droddy v. Southern Bus Lines, La.App. 1 Cir., 26 So.2d 761; Termini v. Aetna Life Ins. Co., La.App. 1 Cir., 19 So.2d 286.
At the same time, however, the driver from the inferior street is not prohibited from entering the superior thoroughfare so long as any traffic is in sight thereupon, for he "is entitled to assume that the preferred driver is not maintaining excessive speed which will prevent him from completing his entrance on the highway, Gauthier v. Fogleman, La.App. 1 Cir., 50 So.2d 321," Robbins v. Mydland, La.App. 1 Cir., 81 So. 2d 561, at page 564.
As it is sometimes stated, the driver with the subordinate right of way may nevertheless "pre-empt" an intersection that is, have the superior legal right to be in itby an entry therein with the reasonable opportunity to clear same without obstructing the passage of traffic with a priority right of way approaching at reasonably to be anticipated speeds. Wilson v. Williams, La.App. 1 Cir., 82 So.2d 71. Cf., e. g., McClenaghan v. U. S. F. & G. Co., La. App. 2 Cir., 79 So.2d 373.
Able counsel for defendants-appellants urges that in the present case the self-admitted speed on the part of defendant Cotten of 30 mph, only slightly over the applicable speed limit, was not a proximate cause of this accident, citing Bahry v. Folse, La.App. 1 Cir., 83 So.2d 912 and Robbins v. Mydland, La.App. 1 Cir., 81 So.2d 561; in both of which cases we affirmed the trial court's finding that any excessive speed of the superior motorist did not contribute to the accident proximately caused by the sudden entry in his immediate path by the motorist from the inferior road.
However, from the evidence in this recordincluding, for instance, defendant Cotten's admission that he travelled 60 feet while plaintiff (at a speed of 10-15 mph) just travelled a little over half of a 24-foot intersection, his own admission of excessive speed based on an observation of the speedometer made a block before the accident and before going down an incline leading into the intersection, the tremendous impact of the collision which rendered plaintiff's car a total loss and caused the utility pole into which it was cast to crack all of which could support a factual determination that defendant Cotten had substantially underestimated his speed and/or his own distance from the intersection at the time of plaintiff's entry thereintowe are unable to hold that the District Court erred in holding that the sole proximate cause of the accident was excessive speed under the circumstances on the part of Cotten.
Thus, the factual pattern found by the trial court is similar to that in Wilson v. Williams, La.App. 1 Cir., 82 So.2d 71, rather than to that in the cases cited by defendants.
In the Wilson case, we likewise held that the speed of the defendants' driver with the right of way was the sole legal cause of the accident since so excessive under the circumstances therein "as to entitle the plaintiffs' driver to enter the superior thoroughfare, since she was entitled to assume had she observed him at this distance that he was not proceeding at such an excessive speed as to arrive at the intersection much sooner than she would have reasonably anticipated based upon his approaching at the legal rate, Duke v. Malone, La.App. 1 Cir., 57 So.2d 711; Gauthier v. Fogleman, La.App. 1 Cir., 50 So.2d 321. Furthermore, her failure to see the oncoming traffic would not be a proximate cause of any accident, because even if she had *263 seen it, under the circumstances she was entitled to proceed into the intersection, Duke v. Malone, La.App. 1 Cir., 57 So.2d 711; Boullion v. Bonin, La.App. 1 Cir., 2 So.2d 535," 82 So.2d 74.
Our recent comment in Nix v. State Farm Mutual Auto. Ins. Co., La.App., 94 So.2d 457, 459, is applicable here: "As we pointed out in Starnes v. Mury, La.App. 1 Cir., 90 So.2d 901, and La Furia v. Tarver, La.App. 1 Cir., 86 So.2d 232, the District Court's factual determination that the superior motorist's entry into the intersection did or did not proximately cause the collision concerned must be reviewed by an appellate court in the context of the infinite variations in split-seconds and feet distant involved, depending upon which the relative rights and duties of the parties concerned must be evaluated, and which determinations themselves must be deduced from the data furnished by the necessarily imperfect human observations and recollections of two or three moments of sudden crisis." Such determinations therefore cannot be disregarded unless manifestly erroneous.
The District Court awarded damages in the amount of $4,500 for personal injuries and of $552 for medical expenses, just slightly in excess of the policy limits of the codefendant insurer. (The subrogation claim of the intervening collision insurer for property damages was also allowed.) Stating that the award was not greater because of defendant Cotten's financial inability to respond in damages, plaintiff professes himself willing to accept same and does not answer the appeal to seek an increase thereof.
The principal injuries sustained by plaintiff, a 66-year old physician, were very painful fractures (or the equivalent thereof) of three ribs, a possible depressed fracture of the cervical vertebra in the neck and also aggravation of an arthritic condition (which defendants urge we cannot consider as not alleged in the petition), a contusion of the head with a mild concussion syndrome, as well as multiple contusions and abrasions. He was hospitalized shortly over a month, and confined to his bed for almost three more months.
Defendant suggests that under Camus v. Bienvenue, La.App. 1 Cir., 91 So.2d 99 and Rhymes v. Guidry, La.App. 1 Cir., 84 So. 2d 634, concerning rib injuries, the award should be limited to $2,000-$2,250. The award of damages necessarily is somewhat arbitrary, and the attributes and circumstances of similar medical injuries may differ greatly. For instance, the present injuries produced pain of longer and more indefinite duration than did those in the cited cases, and as a result thereof the present plaintiff has been more permanently curtailed in his activities and earning power. We are certainly unable to say that the District Court erred in the present award of the policy limits.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.